*E. A. Rogers, solicitor, A. S. Bussey, J. J. Story,* contra.

---

DECIDED NOVEMBER 27, 1912.

Accusation of sale of liquor; from city court of Jackson—Judge Fletcher. September 28, 1912.

*J. T. Moore,* for plaintiff in error.

*C. L. Redman, solicitor,* contra.

---

### 4472. ROGERS v. THE STATE.

HILL, C. J. 1. Where a child seven years of age is offered as a witness, and the objection is made that the child is of such tender years as not to understand the nature and character of an oath, and the trial judge thereupon makes a preliminary examination in order to test the competency of the child, and after such examination holds that the child is competent as a witness, this court will not interfere with the discretion of the trial judge, unless such discretion has been flagrantly abused. In the present case there was no abuse of discretion. *Webb* v. *State,* 7 *Ga. App.* 35 (66 S. E. 27); *Beebee* v. *State,* 124 *Ga.* 775 (53 S. E. 99); *Minton* v. *State,* 99 *Ga.* 254 (25 S. E. 626).

2. It is well settled, by repeated decisions of the Supreme Court and of this court, that where the sentence imposed by the trial court is within the limit fixed by the statute, it will not be set aside and a new trial granted on the ground that the sentence imposed is excessive and the punishment cruel and unusual, and, therefore, in violation of the constitution of this State, article 1, section 1, paragraph 9 (Civil Code, § 6365). *McCullough* v. *State,* ante, 612.

3. There being no other assignment of error of law than those indicated by the foregoing headnotes, and there being some evidence to support the verdict, this court has no power to interfere.        *Judgment affirmed.*

DECIDED NOVEMBER 27, 1912.

Indictment for assault with intent to rape; from Baldwin superior court—Judge J. B. Park. August 16, 1912.

The child referred to in the decision testified, in reply to questions on preliminary examination, that she had been to school and to Sunday school, and could read in her "A B C book," that to hold up her hand and swear meant to tell the truth, that swearing in the court-house meant to tell the truth, and that persons who tell lies "go to the bad place;" that God made her, and God is a "Christian spirit;" that an oath is "a piece of paper;" that she did not know anything about an oath; that she came there to tell the truth, and knew that if she should swear falsely and they hung a man on her evidence, they could hang her too.

*D S. Sanford,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.