## LUMPKIN *v.* THE STATE.

ATKINSON, J. 1. On the trial of a defendant indicted for murder by shooting the victim with " a shotgun," producing wounds which caused the death of the person alleged to have been slain, a witness testified, that he was seated on one end of a swing suspended in the front porch of his residence, in the evening after dark, and the person alleged to have been slain (wife of the defendant) came up and took a seat at the other end of the swing. In a few minutes witness saw defendant approaching. After approaching closely from behind the swing, defendant put " the gun about two and a half feet of " deceased and " shot immediately." The shot struck the deceased, who fell on the floor and died without speaking a word. Witness told defendant, " Will, you have killed her," and defendant walked away without saying a word. The witness further testified: " It seemed the kind of a gun he had was a little single-barrel breech-loader shotgun." *Held*, that the evidence was sufficient to authorize a charge submitting to the jury the question of whether the defendant killed the deceased by shooting her with a shotgun.

2. A charge, " The reasonable doubt which the law recognizes and gives the defendant the benefit of, where it exists, is not a vague, indefinite, or capricious doubt; but it is such a doubt as arises from the evidence or want of evidence, and causes your mind to be halting, hesitating, and unsatisfied, and refusing to reach a conclusion that is satisfactory to you," is not erroneous on the ground that, on account of the use of the words " where it exists," the charge amounted to an expression of opin-

ion by the court that a reasonable doubt did not exist as to the guilt of the accused on trial; or on the ground that the charge was confusing and calculated to mislead the jury.

3. It is not a good assignment of error on a portion of the judge's charge, which states a correct principle of law applicable to the case, that some other correct and appropriate instruction was not given. See *Grant* v. *State*, post, 252 (109 S. E. 502). Under application of this principle, the criticism of the charge, made in the third ground of the amended motion for new trial shows no cause for reversal.

4. A charge, "If you have resting on your minds, after receiving the law from the court and applying it to the facts and circumstances of the case, a doubt, and this doubt grows out of the case from the want, weakness, insufficiency, or conflict in the testimony or the defendant's statement, and leaves an honest juror's mind unsettled as to what the truth is, the benefit of such a doubt should be given to the defendant and he should be acquitted," was not erroneous, as against the defendant, on the ground that the judge did not use the qualifying word " reasonable," immediately preceding and referring to the word " doubt " as employed in the charge.

5. The State introduced evidence to the effect that the defendant killed the deceased by shooting her with a shotgun. The defendant did not introduce any evidence, but made a statement before the jury, in which he said: " I went to talk with her and reason with her, and she raised the knife in her hand, and at that time I shot to save myself. I wouldn't have killed her for nothing in the world, but I shot her to save myself. . . I am sorry I done that, but I had to do it to save myself." *Held*, that this was sufficient basis for the charge, "He [referring to the defendant upon trial] admits the killing, but contends that the deceased was after him with a knife, and that he shot her to save himself — to save his own life," and the charge was not erronous for any of the reasons assigned.

6. In the course of his instructions the judge charged the jury: "If you find the defendant guilty of the crime of voluntary manslaughter, it is your duty to fix the sentence. In fixing this sentence, gentlemen, you must fix a minimum and a maximum sentence; that is, in the event you find the defendant guilty of voluntary manslaughter. This sentence must not be less than the time named by law for the punishment of the crime, nor more than the time named by law. You should, in fixing the sentence, fix somewhere in between one and twenty years, and you should say in your verdict that ' We, the jury, find the defendant guilty of the crime of voluntary manslaughter, and fix his sentence ' at not less than so much time nor more than so much time, ' at labor in the penitentiary,' specifying in each instance the length of time you so fix, remembering that the short term so fixed by you shall not be less than one and that the longer term so fixed by you shall not be more than twenty years." Immediately following the above instruction the court charged: " When a convict is sentenced to such minimum and maximum term as I have defined to you, the law makes it the duty of the prison commission to fix rules by which said convict, after serving the minimum sen-

tence, may be allowed to complete the sentence without the confines of the penitentiary, upon complying with said rules." One of the grounds of the motion for new trial assigned error upon the last part of the charge above quoted, upon the ground that it led the jury to look upon the defendant as a convict before he was found guilty. *Held*, that when the language of the charge excepted to is considered with its context, it is not susceptible of the construction given to it by the plaintiff in error, and furnishes no ground for reversal.

7. Irregularity in the appointment of a jury commissioner to revise the list of jurors; omission of jury commissioners to take and subscribe the oath as provided in the Penal Code, § 1815, before entering upon the discharge of their duties as commissioners; failure of the clerk of the superior court to certify the revised lists of jurors, as provided in the Penal Code, § 821; exclusion by the jury commissioners of certain classes of persons (such as all persons over sixty years of age, all ministers of the gospel, all practicing physicians, all justices of the peace and notaries public and ex-officio justices of the peace, and constables, policemen, and other arresting officers) from the jury-box; failure of the clerk to take and subscribe the oath as prescribed in the Penal Code, § 817; and disqualification of grand jurors to return a bill of indictment, on account of having served as jurors at preceding terms of the city court and the superior court of the county,— are matters of objection in their nature propter defectum; and when relied on as grounds for showing illegality of the grand jury returning an indictment, all such objections should be made by a proper challenge to the array of grand jurors before the indictment is found, where the illegality was known, or, if not known by the defendant or his attorney at law before indictment, by plea in abatement to the indictment. *Turner* v. *State*, 78 *Ga.* 174; *Folds* v. *State*, 123 *Ga.* 167 (51 S. E. 305); *Tucker* v. *State*, 135 *Ga.* 79 (68 S. E. 786). Where there is no such challenge or plea in abatement, such questions can not be raised for the first time after verdict, by motion for a new trial. *Jordan* v. *State*, 119 *Ga.* 443 (46 S. E. 679).

8. The objection that certain jurors put upon defendant as trial jurors had served at immediately preceding terms of the city court and superior court of the county, being propter defectum, might have been raised by challenge to the juror when put upon the prisoner; but where no objection was raised, it cannot be made for the first time after verdict by motion for new trial. *Brown* v. *State*, 105 *Ga.* 640 (31 S. E. 557); *Jordan* v. *State*, supra; *Parris* v. *State*, 125 *Ga.* 777 (54 S. E. 751); *Embry* v. *State*, 138 *Ga.* 464 (78 S. E. 604). '

9. Where a defendant fails to challenge the array of grand jurors before indictment for any of the several reasons mentioned above, and is subsequently convicted, the verdict finding the defendant guilty will not be set aside on a motion for new trial, on the ground that the conviction was violative of the constitution of the State of Georgia, or of the constitution of the United States; and the fact that the defendant may have been ignorant and incarcerated in the jail prior to his indictment, and unable to employ counsel, and that immediately

after the return of the indictment he was put on his trial, and the attorney at law then appointed for him by the court did not have any opportunity to make any investigation, would not render his conviction illegal on the account of a disqualification of the grand jurors.

10. The alleged newly discovered evidence was not of such materiality as would likely cause a different result on another trial.

11. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent because of sickness.*

No. 2410.  November 16, 1921.

Indictment for murder.  Before Judge Summerall.  Berrien superior court.  January 5, 1921.

*R. A. Hendricks,* for plaintiff in error.

*R. A. Denny, attorney-general, J. D. Lovett, solicitor-general,* and *Graham Wright, asst. atty.-gen.,* contra.