## CUMMING *v.* THE STATE.

1. The court did not abuse its discretion in overruling the motion for continuance, under the facts of this case.
2. Where, upon the call of a case in which the defendant was charged with murder, after a motion for continuance had been overruled, defendant's counsel stated in open court to the presiding judge, "I desire to state at this point in the case, that the defendant waives nothing and stands on his entire legal rights;" and where, after the case proceeded to trial, the names of the 48 jurors had been called by the clerk, the solicitor-general stated to them the case that was called for trial, and they were sworn true answers to make as to their competency as jurors, and the voir dire questions were put to each juror, and the defendant participated in selecting the jury, without making any objections or making a challenge to the array, the defendant will not be heard, after conviction, to urge that the panel was not properly put upon him. The case of *Cochran* v. *State,* 62 *Ga.* 731, examined and distinguished. RUSSELL, C. J., and ATKINSON, J., dissent.
3. The evidence was sufficient to authorize the verdict.

No. 3466. MARCH 15, 1923. REHEARING DENIED MAY 10, 1923.

Indictment for murder. Before Judge Park. Baldwin superior court. October 8, 1922.

*Allen & Pottle,* for plaintiff in error.

*George M. Napier,* attorney-general, *Doyle Campbell,* solicitor-general, *Seward M. Smith,* assistant attorney-general, *A. Y. Clement,* and *Burwell & Fleming,* contra.

HILL, J. Madison Cumming was indicted, tried, and convicted of the crime of murder; and the jury having recommended mercy,

he was sentenced to the penitentiary for life. A motion for new trial being overruled, the defendant excepted.

1. The first special ground of the amended motion for new trial complains that the court erred in refusing to continue the case for the term, on the motion of the defendant. The following evidence was introduced in support of the motion. The defendant testified as follows: " The deceased, Mack Simmons, was killed by me about 5:00 or 5:30 o'clock in the afternoon in July, 1920. I know Herty Reeves. He lived in Hancock County. My defense in this case is that the deceased shot at me with a gun first, and that I shot in self-defense. I expect to prove by the absent witness, Herty Reeves, that after the shooting he and Henry Lee came there and asked me how it happened, and that the son of the deceased, Lucius Simmons, told Herty Reeves that he didn't see how his father, Mack Simmons, the deceased, missed me with a shotgun. This was in the afternoon, after the shooting. He said that he heard the report of the gun before the pistol started to shooting. Herty Reeves lived in Hancock County, but I have heard since I got out that he was in Baldwin. I am making this motion for continuance, not for delay, but to have him here in court. He is not absent by my advice or permission, but I am looking for him here. He is a relative of the family of the deceased, and he said he would tell the truth. I think he has been subpœnaed. I think I got the sheriff to do so. I expect to have him here at the next term of court. Cross-examination: This is the second time I have been on trial. I didn't have Herty Reeves here last July. I have never discussed this matter with him. I don't know that Herty has gone north. I never talked to Herty myself, and don't know of my own knowledge what he would swear. I think Henry Lee heard the conversation between Herty and Lucius Simmons. It is true that I shot Lucius in the leg, but I was on this end of the flat when I did that." In response to a question by the court the defendant said: " I have not seen Herty Reeves the last six months. I haven't been confined in jail the last six months. I don't know where Herty Reeves is." Redirect: " The day the homicide took place I was back in town for an. hour and a half, and was arrested Sunday. I stayed in jail 13 months and 20 some odd days. I have been out on bond 9 or 10 months." S. L. Terry, sworn, said: " I am sheriff of the

county, and had a subpœna in this case for Herty Reeves for the
defendant. I left the subpœna at his house, I think probably week
before last. His wife said he was here at that time. I didn't have
a warrant for Herty Reeves. I have one for him now, a war-
rant preferred at this term of the court. I am satisfied he has
gone. I don't know that this is true. I left the subpœna for him
week before last, with his wife. I didn't see him that day. Don't
know of my own knowledge whether he ever got the subpœna."
Madison Cumming, recalled, said: " I was in jail 13 months.
During that time didn't have an opportunity to see anybody. My
father told me what Herty Reeves would testify, as I have just
stated, after I got to Macon."

All applications for continuance are addressed to the sound legal
discretion of the court. Civil Code (1910), § 5724. In all cases
the party making an application for a continuance must show that
he has used due diligence. § 5721. Under the facts and the fore-
going familiar rules, the court did not abuse his discretion in re-
fusing a continuance.

2. The second special ground of the motion for new trial is as
follows: " Because the court erred in not causing the panel of
48 jurors to be put upon the accused. Movant avers that upon the
call of the case after the motion for a continuance had been over-
ruled, the defendant's counsel stated in open court to the pre-
siding judge as follows: ' I desire to state at this point in the
case, that the defendant waives nothing and stands on his entire
legal rights.' Movant avers that, notwithstanding this announce-
ment in open court and to the court, the panel of 48 jurors was
not put upon the accused as required by law. After the names of
the 48 jurors had been called by the clerk, the solicitor-general
stated to them the case that was called for trial. They were
sworn true answers to make as to their competency as jurors.
Then the regular voir dire questions were put to each juror and
the defendant participated in selecting the jury without making
any objections."

The plaintiff in error relies on the case of *Cochran* v. *State,* 62
*Ga.* 731, where the Supreme Court held: " The State can not
inflict capital punishment without first trying the prisoner ac-
cording to law. It is expressly commanded by statute (Code,
§ 4679) that the panel shall be put upon the accused. This pro-

ceeding can not lawfully be omitted where in due time the prisoner's counsel gives fair notice that he waives nothing." Unless the *Cochran* case can be distinguished from the case at bar, it is controlling. We are of the opinion that it is distinguishable. In the *Cochran* case no formal array was put upon the prisoner. Merely " a new panel or list with twenty-four names was handed to prisoner's counsel." In the instant case, after the names of the 48 jurors had been called by the clerk, the solicitor-general stated to them the case that was called for trial. They were sworn true answers to make as to their competency as jurors, and the regular voir dire questions were put to each juror, and the defendant participated in selecting the jury without making any objections, or challenge to the array. True, at an earlier stage of the proceeding counsel for the accused had stated, without express reference to the array, that he would waive nothing. But one may say he will not waive, and yet by subsequent conduct waive the very thing he said he would not waive. He may waive a whole trial. Lumpkin, J., in *Sarah* v. *State, 28 Ga.* 576. This is a different case from the *Cochran* case. The defendant could have objected to the array had he seen fit, but he stood silent and did not do so; and although his counsel had stated, after the motion for continuance was overruled, and before the 48 jurors were sworn, that he waived nothing, the jurors were called and they confronted the accused, who could and should have challenged the array if he had cause. But this he failed to do. No challenge to the array was made. He took the chances of a favorable verdict, and will not be heard, after conviction, to urge that the panel was not properly put upon him, under the facts of this case. *Vaughn* v. *State,* 88 *Ga.* 731, 734 (16 S. E. 64); *Inman* v. *State,* 72 *Ga.* 269 (2). See *Birdsong* v. *State,* 120 *Ga.* 850 (48 S. E. 329).

3. The evidence was sufficient to authorize the verdict.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent from the ruling in the second headnote.*