## 14920.   WILLIAMS v. THE STATE.

1. The presiding judge having refused to approve grounds 1 and 2 of the amendment to the motion for a new trial, this court cannot consider them.

2. In organizing a jury in a criminal case the law does not require that the oath set out in § 860 of the Penal Code of 1910 be administered to the jurors "one at a time." Where this oath was administered to all the jurors "at one and the same time," and they "were afterwards put upon defendant one at a time and voir dire (questions) propounded one at a time," the law was complied with.

3. In organizing a jury for the trial of a felony case, if the first panel does not contain forty-eight jurors, and the defendant wishes to object to the entire panel, his sole remedy is by written challenge to the array.

4. Where a person was tried under an indictment charging him with rape, and the judge failed to charge the jury on the form of their verdict in the event they should convict the accused of assault with intent to rape, and the jury were recalled for this purpose, it is not cause for a new trial that the judge, in recharging the jury, did not make "any reference whatever to the verdicts of not guilty or of guilty with recommendation as to be punished for a misdemeanor." The additional charge must be considered in connection with the former charge; and, as that is not objected to, we must presume, in the absence of the charge from the record, that the judge in the original charge properly instructed the jury as to the form of their verdict in the event they should decide that the defendant was not guilty. Assault with intent to rape a girl under fourteen years of age is not a reducible felony. *Tobin* v. *State*, 29 *Ga. App.* 305 (2) (115 S. E. 36).

5. "In a case where a defendant is convicted of assault with intent to rape, it is not essential that the testimony of the female in question be corroborated. *Rivers* v. *State*, 8 *Ga. App.* 703 (2) (70 S. E. 50), and citations. This rule was not changed by the act of the General Assembly approved July 31, 1918 (Ga. L. 1918, p. 259)." *Atkins* v. *State*, 29 *Ga. App.* 255 (2) (115 S. E. 35).

6. As to the facts, this case is controlled by the majority opinion in *Byrd* v. *State*, 28 *Ga. App.* 504 (111 S. E. 924).

DECIDED NOVEMBER 15, 1923.

Conviction of assault with intent to rape; from Tattnall superior court—Judge Sheppard. June 30, 1923.

*H. H. Elders, E. C. Collins,* for plaintiff in error.

*J. Saxton Daniel, solicitor-general,* contra.

BLOODWORTH, J. We will amplify the 3d headnote only. Ground 4 of the motion for a new trial alleges that the movant should be given a new trial because when the case was called there were only forty-eight jurors in court, two of whom were disqualified, and that he was "entitled to have a panel of forty-eight jurors put upon him for the purpose of selecting the jurors in said case."

This ground does not show that *then and there* the accused challenged the array in writing, as provided by section 998 of the Penal Code of 1910. In *Moon* v. *State,* 68 *Ga.* 694 (1), Justice Speer said: "It was the duty of the prisoner, when the panel of jurors was put upon him, to challenge the array for any cause going to show that it was not fairly or properly impanelled, or ought not to be put upon him. So that the court could then determine the sufficiency of the challenge at once." Judge Powell, in *Ivey* v. *State,* 4 *Ga. App.* 831 (62 S. E. 566), said: "The putting on of the panel may be waived expressly or by implication. *Vaughn* v. *State,* 88 *Ga.* 731 (16 S. E. 64). If the panel does not contain the requisite number of jurors when it is put upon the defendant, the law prescribes, in Penal Code, § 972 (Code of 1910, § 998), his sole remedy,—he may challenge the array. If he does not challenge the array, no other method of complaint as to the deficiency of the panel is open to him. *Jordan* v. *State, 22 Ga.* 546; *Thomas* v. *State, 27 Ga.* 287; *Moon* v. *State, 68 Ga.* 695." Under the foregoing rulings there is no merit in this ground of the motion.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*