### 15225.  Benton *et al. v.* The State.

Bloodworth, J.  1.  Under the ruling in *Cumming* v. *State*, 155 *Ga.* 346 (2) (117 S. E. 378), where, upon the trial of a felony case and before arraignment, counsel for the defendant made the following announcement to the court:  "We do hereby put the State's counsel upon notice that we specifically refuse to waive anything in connection with the trial of this case," and where, after the original panel of forty-eight jurors was regularly put upon the accused and exhausted, two additional panels, one of twelve and the other of six jurors, were called by the clerk, and in each instance the solicitor-general stated to them the case that was called for trial, and they were sworn true answers to make as to their competency as jurors, and the voir dire questions were put to each juror, and the defendant participated in selecting the jury, without making any objections or making a challenge to the array, the defendant will not be heard, after conviction, to urge that the panel was not properly put upon him.

2.  For no reason assigned did the court err in the charge of which complaint is made in the amendment to the motion for a new trial.

3.  The evidence supports the verdict.

*Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*

Decided March 6, 1924.

Indictment for arson; from Houston superior court—Judge Malcolm D. Jones.  November 24, 1923.

Paragraph 2 of the decision refers to the following part of the charge of the court; "The State contends that at the time mentioned in the indictment the barn of Mr. Aultman's place was burned wilfully and maliciously.  The State contends that a few days before the burning of this barn Mr. Aultman and one of the defendants had a difference about the management of some stock on the place and that Mr. Aultman had slapped one of the defend-

ants' face; that this generated hate on the part of this defendant; that this particular defendant (I think it was Ike Benton), together with Willie Miller, who had a grudge against a man working for Mr. Aultman, at the time mentioned in the indictment, at night, went by his place, having previously procured a bottle of kerosene oil or gasoline, or some other substance that readily burned, that they reached through a crack in Mr. Aultman's barn door and poured the inflammable substance on the inside of the barn, struck a match, and then ran. Now that is the contention of the State. If you believe that contention, these defendants are guilty as charged in the indictment, and you should convict them."

In the motion for a new trial it is contended that this part of the charge was argumentative; that it was prejudicial to the defendants and was calculated to mislead the jury, in that it would have authorized the jury to convict the defendants upon mere belief that the contention of the State was true; and that the latter part of the statement of contentions (quoting the part as to a grudge against Mr. Aultman and the pouring of an inflammable substance into the barn and striking a match to it) had no basis in the evidence, outside of the alleged confessions of the defendants. It is then stated that the court, immediately after so charging, differentiated the contentions of the State based upon proved facts from the alleged confessions, as follows: "As a further contention, the State says that upon the arrest of these defendants they both confessed, and confessed to a number of people, and confessed at different times, their implication in the burning, and stated the circumstances, and bore each other out in the statement about these circumstances, and that these confessions identify and point to these two defendants, beyond any reasonable doubt, as the parties who did the burning. Now if you believe these contentions of the State, it would be your duty to convict."

*Marx Kunz, Duncan & Nunn,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.