18548. WILLIAMS *v.* THE STATE.

Argued April 14, 1954—Decided May 10, 1954—
Rehearing denied May 31, 1954.

666

*Carter Goode, Ellis M. Creel*, for plaintiff in error.

*Paul Webb*, Solicitor-General, *Carl B. Copeland, Wm. E. Spence, Charlie O. Murphy, Eugene Cook*, Attorney-General, *Rubye G. Jackson*, contra.

WYATT, Presiding Justice. 1. The defendant is here attempting by extraordinary motion for new trial to challenge the legality of the jury put upon him in the instant case. He relies entirely upon the case of Avery v. State of Georgia, 345 U. S. 559 (73 Sup. Ct. 891), contending that that case is controlling in the instant case. We do not agree with this conclusion. In Avery v. State of Georgia, supra, the defendant, upon being arraigned for trial in Fulton County, filed a written challenge to the array of traverse jurors put upon him for reasons set out, among them that the names of white jurors were put upon white slips of paper and the names of colored jurors were put upon yellow paper. See Avery v. State of Georgia, supra, and *Avery* v. *State*, 209 *Ga.* 116 (70 S. E. 2d 716). In the instant case, no challenge to the array of traverse jurors was filed, and no question as to the legality of the jury was raised until after the denial of a motion for new trial had been affirmed by this court. See *Williams* v. *State*, ante, p. 207.

It is settled law in this State that, when a panel of jurors is put upon the prisoner, he should challenge the array for any cause which would go to show that it was not fairly and properly put upon him, and that if he fails to do so, the objection is waived and can not thereafter be made a ground of a motion for new trial. See *Lumpkin* v. *State*, 152 *Ga.* 229 (109 S. E. 664); *Cornelious* v. *State*, 193 *Ga.* 25 (17 S. E. 2d 156); *Cumming* v. *State*, 155 *Ga.* 346 (117 S. E. 378); *Moon* v. *State*, 68 *Ga.* 687; and *Williams* v. *State*, 31 *Ga. App.* 173 (120 S. E. 131). In the instant case, the defendant made no objection to the jury when the panel was put upon him, and made no objection until he filed this extraordinary motion for new trial after a new trial had been denied and that judgment affirmed by this court. See *Williams* v. *State*, ante. It follows, therefore, that the judgment of the court below dismissing the extraordinary motion for new trial was not error.

The defendant and his attorney state that they did not know of the facts set out in grounds one and two of the motion for new trial, and "that the same could not have been discovered by him in the exercise of ordinary diligence." This is not sufficient to excuse the defendant from the necessity of presenting his written challenge to the array of traverse jurors when the panel was put

upon him. See, in this connection, *Lumpkin* v. *State*, supra; *Cornelious* v. *State*, supra; *Redding* v. *State*, 183 *Ga.* 704 (189 S. E. 514); *Edge* v. *State*, 200 *Ga.* 257 (36 S. E. 2d 673). It follows, under the decisions of this court above cited, it was not error to dismiss the extraordinary motion for new trial.

2. There is a further reason why the motion in the instant case is not sufficient as an extraordinary motion for new trial. The affidavit of the defendant states in part: "The defendant did not at the time of his trial . . . have any information concerning the selection, drawing, organizing, and empaneling of the jury panel put upon him on his trial, but assumed that the jury was a legal jury." The affidavit of the attorney representing the defendant states in part: "Deponent further says that he did not know of the facts set out in the first and second grounds of the extraordinary motion for new trial . . . before the trial and before the verdict in said case, and that the same could not have been discovered by him in the exercise of ordinary diligence." It has been held by this court that affidavits such as are attached to this motion and set out above are merely opinion, without sufficient facts being shown by which the court could judge whether due diligence had been exercised, and are not sufficient to support an extraordinary motion for new trial. *Edge* v. *State*, supra; *Redding* v. *State*, supra.

Furthermore, the facts and circumstances contradict the statements made in the affidavits. When the instant case came on for trial in Fulton Superior Court on March 10, 1953, the case of *Avery* v. *State* had been tried in the same county, and that case had been affirmed by this court on April 14, 1952, and was pending in the United States Supreme Court. See *Avery* v. *State*, supra. The opinion of this court affirming the lower court in the *Avery* case sets out fully the methods and practices employed in the selection and empaneling of juries in Fulton County, including the practice of putting the names of white jurors on white slips of paper and the names of colored jurors on yellow slips of paper. Due diligence would certainly have required the defendant and his attorney to make themselves familiar with the opinions of this court on the question now raised. It follows that, for this reason, the motion for new trial was not sufficient as an extraordinary motion for new trial.

3. Defendant in his motion sets forth a practice which has been condemned by this court and the Supreme Court of the United States. However, any question to be considered by this court must be raised at the time and in the manner required under the rules of law and practice and procedure in effect in this State. We can not simply overlook the rules made for the purpose of providing a fair and orderly procedure in the conduct of trials and other legal processes in this State and permit the defendant to stand negligently or purposefully by, taking his chances of an acquittal, and then, upon his conviction, and upon the denial of a new trial which is affirmed by this court, be heard to say that the panel of jurors put upon him was not fairly and properly selected and empaneled. When this defendant failed to raise this question when the panel was put upon him, he waived the question once and for all.

It follows, there was no error in dismissing the extraordinary motion for new trial.

*Judgment affirmed. All the Justices concur.*