22911.   HILL v. THE STATE.

ARGUED APRIL 13, 1965—DECIDED MAY 6, 1965—
REHEARING DENIED MAY 31, 1965.

*Joseph W. Love, Albert P. Feldman, Thomas H. Antonion,*
for plaintiff in error.

*William T. Boyd, Solicitor General, Lewis R. Slaton, Solicitor
General, William E. Spence, Carter Goode, Eugene Cook, Attorney General, J. R. Parham, Assistant Attorney General,* contra.

ALMAND, Justice.   Raymond C. Hill was convicted of robbery
by open force and violence in the Superior Court of Fulton
County, and on the jury's recommendation of mercy, was sentenced to life imprisonment.   His amended motion for new trial
being overruled, Hill brings his case to this court for review.

The amended motion for new trial consists of the general
grounds and eight special grounds.   We rule only on the special
grounds, the defendant having abandoned the general grounds.

■■ Error is assigned in these grounds because the trial court overruled defendant's oral motion to disqualify certain panels of jurors. The motion was based on a remark by the trial judge that "there were four or five indictments pending against the accused." The court ruled: "Let the record show that on the call of this case the defendant's counsel, Mr. Love, asked what number case was being called and the court stated there were several numbers; at that time I asked the solicitor what number he called and he stated 85924. And let the record show that the motion is overruled." It is insisted that the remark "clearly placed the defendant's character in issue and was prejudicial and harmful to the defendant and deprived him of a fair and impartial trial." This motion was properly overruled. The correct method of raising such a question would be by a challenge to the poll and not by a challenge to the array which the defendant made here. See *Thompson v. State*, 109 Ga. 272 (2) (34 SE 579) and *Fields v. State*, 190 Ga. 642 (2) (10 SE2d 33), the latter case involving an allegedly prejudicial statement of the solicitor general where it was held: "The court did not err in refusing to disqualify the entire panel of jurors merely because of the statement of the solicitor general. The proper method of objecting would have been by challenge to the poll if the jurors qualified upon their voir dire." The trial court did not err in overruling the motion to disqualify the panels of jurors.

■ ■ Complaint is made in these grounds because the trial court allegedly admitted certain testimony over defendant's objection. In a note attached to the motion for new trial, the court states that it later sustained defendant's objection, excluded the testimony, and instructed the jury to disregard it. This being done, there is no merit in the contention that the court erred in admitting the testimony in question. *Tanner v. State*, 163 Ga. 121 (3) (135 SE 917).

■ In this ground error is assigned because the trial court denied defendant's motion for a mistrial. The motion was based on the ground that the testimony of B. G. Holland, a witness for the prosecution who testified as to certain statements made by Charles William Orr, was hearsay and was highly prejudicial to the defendant. The trial court ruled out this portion of Holland's testimony and instructed the jury to disregard it. Earlier in the

trial Charles William Orr had given testimony very similar to the statements attributed to him by Holland. The grant of a mistrial is " 'largely within the discretion of the court; and unless it is apparent that a mistrial was essential to preservation of the right of fair trial, the discretion will not be interfered with.' " *Johnson v. State*, 209 Ga. 333 (6) (72 SE2d 291). In view of the instruction to the jury and the previous testimony of Orr, we cannot say that the trial judge abused his discretion in refusing to grant a mistrial. *Withrow v. State*, 136 Ga. 337 (3) (71 SE 139).

■ In ground 6 error is assigned because the trial court denied defendant's request to charge the jury on the law relating to an accessory after the fact. It was defendant's contention that under the evidence in the case the jury might find him guilty of being an accessory after the fact to the crime of robbery by open force and violence. The trial court did not err in refusing to give the requested charge. The defendant, Raymond C. Hill, was charged in the indictment with being a principal in the crime of robbery by open force and violence and "On the trial of an indictment charging a defendant as principal, he cannot be convicted as accessory after the fact." *McCoy v. State*, 52 Ga. 287 (3). See also *Ivey v. State*, 186 Ga. 216 (197 SE 322).

■ Complaint is made in ground 7 because the trial court admitted certain testimony over defendant's objection. The evidence in question consisted of three photographs of certain art objects which the defendant allegedly took from the home of Mrs. Florence Clifton Horton. Objection was made to the introduction of these photographs on the ground that they were not properly identified or authenticated and on the ground that the photographs were not the highest and best evidence available. The defendant insists that the prosecution should have been required to bring the art objects into court instead of merely bringing photographs of these objects.

There is no merit in the contention that the photographs were not properly authenticated. Mrs. Horton testified that the photographs were true representations of the statues, vases and paintings allegedly stolen.

As to defendant's other contention, generally, the best evidence rule applies only to the contents of a writing. The rule

does not require that chattels be introduced in evidence. Green, Georgia Law of Evidence, 239, § 100; Wigmore on Evidence (3rd Ed.), Vol. 4, 316-321, §§ 1179-1181. The trial court did not err in admitting the photographs of the art objects over the objection that they were not the best evidence. *Chambers v. State*, 141 Ga. 652 (1) (81 SE 880).

■ In the final ground the assignment of error is based on the following questions to an impaneled juror: "Q. You said you were employed by the Atlanta Newspapers? A. Yes, sir. Q. Do you remember reading those papers? A. Pretty much so. Q. Did you read any account of this alleged robbery in the Atlanta Journal or the Constitution? A. Well, I believe I have sometime ago. Q. Do you place any confidence or reliance on what you read in the Atlanta Journal or the Constitution? I object to that question." The court sustained the prosecutor's objection to the question. It is the contention of the defendant that the paper's account of the alleged robbery was not accurate and that under the provisions of *Code Ann.* § 59-705 (Ga. L. 1951, pp. 214, 215) he has the right to ask the juror the question propounded. The pertinent provisions of that Code section are: "In all criminal cases both the State and the defendant shall have the right to an individual examination of each juror from which the jury is to be selected prior to interposing a challenge. Such examination shall be conducted after the administration of a preliminary oath to the panel or in criminal cases after the usual voir dire questions have been put by the court, and in such examination, the counsel for either party shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the cause, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning or bias, which the juror might have respecting the subject matter of the suit, or counsel or parties thereto, and religious, social and fraternal connections of the juror." We do not see how the question of whether the juror placed any reliance on what he read in the Atlanta Journal or Constitution was a proper question. If counsel for the defendant wanted to find out whether the juror had formed any opinion as to the

defendant's guilt or innocence or was in any way prejudiced by reading articles concerning the alleged robbery in the Atlanta Journal or Constitution, the proper way to do so would be to ask the question in specific terms. The language of *Code Ann.* § 59-705 is broad, but the trial judge still retains the discretion to limit the examination to questions dealing directly with the specific case and to prohibit general questions such as the one asked here. The trial court did not abuse its discretion in refusing to allow defendant's counsel to ask the question in controversy.

The trial court did not err in overruling the amended motion for new trial.

*Judgment affirmed. All the Justices concur, except Quillian, J., who dissents.*