**UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant,**

v.

**RYDER TRUCK RENTAL, INC., Appellee.**

**No. 25908.**

United States Court of Appeals Fifth Circuit.

Jan. 20, 1969.

Stanford E. Morse, Stanford E. Morse, Jr., Morse & Morse, Gulfport, Miss., for appellant.

Junior O'Mara, Jackson, Miss., Owen T. Palmer, Jr., Gulfport, Miss., Palmer & Stewart, Gulfport, Miss., Butler, Snow, O'Mara, Stevens & Cannada Jackson, Miss., of counsel, for appellee.

Before DYER and SIMPSON, Circuit Judges, and CABOT, District Judge.

CABOT, District Judge:

Plaintiff-appellant United States Fidelity & Guaranty Company (USF&G) appeals from an order denying relief in a suit brought against Ryder Truck Rental, Inc., (Ryder). USF&G is the liability insurer of Brookhaven Pressed Brick and Manufacturing Company (Brookhaven), and as such defended two tort suits in the state courts of Mississippi brought against Brookhaven. After jury verdicts for the plaintiffs in both cases, USF&G paid off the judgments and brought this suit against Ryder for reimbursement, claiming that Ryder had contracted to provide primary insurance on the vehicle involved in the accident.

Brookhaven is a brick and tile manufacturer who had previously used Bailey Truck Lines for delivery of its products. When Bailey terminated the contract due to its impending bankruptcy, Mr. Kline, a representative of Ryder, contacted Mr. Becker, president of Brookhaven, with the view of entering into a contractual arrangement wherein Ryder would provide the vehicles necessary for Brookhaven to transport its merchandise. Mr. Becker informed Mr. Kline that he was not interested in a long term rental contract but rather that he had made other arrangements to get the necessary vehicles. However, since Brookhaven needed a truck until it could procure the necessary vehicles, Mr. Becker agreed to lease the truck on a short term basis. Mr. Kline at the time did not have any short term contract forms with him and therefore did not discuss the conditions contained therein. As a matter of fact, the testimony of Mr. Becker is that he never saw the alleged contract until after the accident. Mr. Becker sent a driver named Tommy Bass to pick up the vehicle here in question, and Mr. Bass signed the agreement. However, as Mr. Becker testified in his deposition which was introduced at trial, Bass had no authority to sign a contract binding Brookhaven, but rather could only sign a receipt for the vehicle. After hearing the testimony, the lower court concluded that, although Becker and Kline had contracted for the rental of the vehicle, there was no meeting of the minds with reference to Ryder's providing insurance, and accordingly denied relief to plaintiff-appellant.

The issue of the agreement between the parties, if any, on insurance amounted to a dispute between Mr. Becker and Mr. Kline; Mr. Becker obviously contending that Mr. Kline agreed to provide insurance and Kline testifying that he did no such thing. The resolution of this factual dispute is left to the trial judge and as such should not be disturbed unless clearly erroneous. Employers' Liability Assurance Corp. v. Thomassie, 293 F.2d 110 (5th Cir. 1961). Here no such clear error has been shown. Accordingly, the order of the district court is

Affirmed.