25033. HILL v. STYNCHCOMBE, Sheriff.

Argued January 14, 1969—Decided February 6, 1969.

*Richard E. Korem*, for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Tony H. Hight*, for appellee.

Mobley, Justice. The appeal is from an order and judgment entered in a post-conviction habeas corpus proceeding under

*Code Ann.* § 50-127 (Ga. L. 1967, pp. 835-839), denying the relief sought by the petitioner, Raymond Clarence Hill, and remanding him to the custody of the sheriff for service of the sentence of life imprisonment imposed upon him when he was convicted by jury of robbery by open force and violence, with recommendation of mercy.

The petitioner filed a motion for new trial from his conviction, which was denied by the trial court, and that judgment on appeal to this court was affirmed. *Hill v. State,* 221 Ga. 65 (142 SE2d 909).

Judge Claude Shaw, in his judgment and order remanding the petitioner to the custody of the respondent, made findings of fact and conclusions of law as required by *Code Ann.* § 50-127 (9) on each of the ten grounds of the habeas corpus petition, which constitute the grounds of complaint of this appeal.

1. The first ground of habeas corpus is that Charles William Orr, the State's key witness, who was a co-defendant, gave false and perjured testimony at the petitioner's trial, which was known to the then Solicitor General, William Boyd, police officers, and other law enforcement officers.

The trial judge, on the evidence in the record, found as a fact that the petitioner was a principal in the robbery for which he was tried and convicted, having actually entered the Horton premises (the place from which the paintings were stolen) with Orr and one Sadler and having taken the property of Mrs. Horton under the circumstances testified to by Mrs. Horton, who identified him as one of those who came to her home and robbed her. The court concluded that: "Having found that Hill was present, participating in the robbery, it logically follows that Orr, whose presence has never been questioned, testified truthfully on the trial when he spoke to such effect." The court held that Orr simply recanted his testimony against the petitioner and that this is not ground for invoking the due process clause against the conviction, citing Hysler v. Florida, 315 U. S. 411, 413 (where the Supreme Court of the United States so held); Cobb v. U. S., 161 F2d 814; and Cobb v. Hunter, 167 F2d 888, certiorari denied 335 U. S. 832.

The evidence amply supported the finding of the trial judge. There is no merit in this ground.

2. The petitioner alleged that he was not allowed to properly examine members of the jury as to their prejudice or bias against him, or whether they had any opinion as to his guilt or innocence, all because of attendant publicity about him, and that this denied him a fair and impartial trial and deprived him of his liberty without due process of law. While this same question was raised on appeal to this court, and decided adversely to the petitioner (*Hill v. State*, 221 Ga. 65, 68, supra), the petitioner here raises the question again, which he can do since he alleges that he is being denied rights conferred upon him by the United States Constitution. *Code Ann.* § 50-127 (1).

The trial court found from the evidence that the petitioner failed to carry the burden of proving that there had been prejudicial publicity about which the jurors could have been interrogated. No newspapers, clippings, tape recordings of radio programs, or other evidence were introduced to show that there was prejudicial pre-trial publicity about the case. The cases of Sheppard v. Maxwell, 384 U. S. 333 (86 SC 1507, 16 LE2d 600), and Estes v. Texas, 381 U. S. 532 (85 SC 1517, 14 LE2d 466), where many volumes of newspaper clippings were introduced to support the contention that they could not get a fair and impartial trial, with which the United States Supreme Court agreed, are quite dissimilar on their facts from the situation here. There is no merit in this ground.

3. The next complaint is that the court should have interrogated the jurors, or permitted counsel to do so, to elicit possible bias or prejudice because of prejudicial newspaper articles and television news as to the petitioner being a prime suspect in the Gwinnett County killings of three officers. The petitioner failed to show any prejudicial pre-trial publicity to support his contention, and the trial judge found from the evidence that the petitioner had not been a suspect for more than four months prior to his trial. This ground is without merit.

4. Ground 4 of the enumeration of errors complains that the petitioner was denied a fair and impartial trial, and has been denied his liberty without due process of law, because: ". . . on the call of the case in which petitioner was tried, petitioner's counsel asked what number case was being called and the court

stated there were several numbers; . . . the court asked the solicitor what number he called and he stated 85924. This was all done in the presence of jurors from several panels. Petitioner's counsel moved that these jurors be disqualified because when these jurors heard there were several numbers, and, therefore, several indictments and charges, it put petitioner's character in issue and blackened his character."

This same contention was made upon appeal of this case to this court and was decided adversely to the petitioner, the court holding that the challenge was to the array and should have been to the poll. *Hill v. State*, 221 Ga. 65 (1, 2), supra. The trial court in the habeas corpus proceeding applied that ruling, which was correct.

5. Enumeration 5 alleges that: "The court committed reversible error in not finding that the trial court allowed a jury to hear the hearsay testimony of B. G. Holland, a police officer, who was a State's witness." The trial court in this habeas corpus proceeding held that the rulings of this court in *Hill v. State*, 221 Ga. 65 (3, 4, 5), supra, which were adverse to the petitioner's contentions, were binding upon him. This court is of the opinion that our rulings there made were correct, and we adhere thereto. This ground is without merit.

6. Enumeration 6 complains that the sentence was excessive. The petitioner was convicted by a jury of armed robbery, a capital offense, with a recommendation of mercy, which fixes his sentence at imprisonment for life. *Code* § 26-2502, as amended by Ga. L. 1957, pp. 261, 262. This was the only sentence the judge could impose under this verdict. A sentence within the limits fixed by statute is not excessive. *Whitten v. State*, 47 Ga. 297 (2); *Rogers v. State*, 11 Ga. App. 814 (2) (76 SE 366); *Stuart v. State*, 117 Ga. App. 183 (3) (160 SE2d 409).

Further, the sentence received by one joint defendant is irrelevant on the trial of another. As pointed out by Judge Shaw in his ruling on this ground, it is not hard to understand why a jury thought the petitioner's part in the robbery warranted severe punishment, because of the cruel and inhumane treatment of the woman victim, 75 years old, who was cut, stabbed, choked, and otherwise subjected to violence. This ground is without merit.

7. Enumeration 7 complains that the prosecution denied him due process of law by suppressing evidence favorable to him, in that a fingerprint was found on a screen door of the Horton home, which was not that of the petitioner or the codefendant, and neither the defendant nor his counsel was apprised of the fingerprint. The trial court made findings of fact as to the fingerprint, all supported by the evidence, and concluded that the information as to the print was not deliberately suppressed or withheld, and that the failure of the police or prosecutor to advise the petitioner about the print, and the results of checks made by the Atlanta Police Department, was harmless error beyond a reasonable doubt within the rule laid down in Chapman v. California, 386 U. S. 18 (2) (87 SC 824, 17 LE2d 705). We concur in the judge's conclusion. The fingerprint was not that of either suspect. It could have been that of Mrs. Horton, the maid, or any number of persons. It is not shown that it had any probative value.

8. Enumeration 8 complains that the prosecution suppressed evidence favorable to the petitioner, to wit, statements by Orr implicating the petitioner in the Gwinnett County slayings, and the falsity of such statements. The trial judge in this habeas corpus proceeding held as a matter of law that neither extrajudicial statements by Orr concerning the petitioner's complicity in an unrelated crime, nor opinion evidence by a law officer that such statements were false, would have been admissible on the petitioner's trial. Clearly the evidence was inadmissible. The court further found no evidence to support the allegation of suppressing evidence, with which we agree. There is no merit in this ground.

9. Enumeration 9 alleges that the petitioner was denied the right to confer with his counsel before trial, and denied his right against self-incrimination. His argument is that telephone conversations in the jail could be monitored. The trial judge properly found that there was no evidence that any eavesdropping on conversations between the petitioner and his attorney had occurred, and no evidence that the practice exists, or has existed, of eavesdropping or listening in on conferences between prisoners and attorneys representing them. The petitioner's

counsel, in his brief, claims no such evidence but states that it would be virtually impossible to get such proof. This ground is without merit.

10. In enumeration 10 the complaint is that the grand jury which indicted the petitioner, and the trial jury which tried and convicted him, were illegally constituted in that they were not drawn by the judge in open court as is required by the law of this State. Code § 59-203 (as amended, Ga. L. 1966, p. 470), § 59-701. The trial judge held that the petitioner's objections on this ground came too late, and further held in this connection that since he did not testify as to his lack of knowledge of the facts surrounding the drawings, nor did his counsel, who did testify as to other matters, the petitioner failed to carry the burden of proof. The trial judge subsequently made other rulings on this ground, but under our view of the case these rulings of the court were correct and will dispose of the case.

"A defect which goes to the legality of the selection of the panel of jurors is ground for challenge to the array." Carter v. State, 143 Ga. 632 (2c) (85 SE 884); Thompson v. State, 109 Ga. 272 (2) (34 SE 579).

"It is settled law in this State that, when a panel of jurors is put upon the prisoner, he should challenge the array for any cause which would go to show that it was not fairly and properly put upon him, and that if he fails to do so, the objection is waived and cannot thereafter be made a ground of a motion for new trial. See Lumpkin v. State, 152 Ga. 229 (109 SE 664); Cornelious v. State, 193 Ga. 25 (17 SE2d 156); Cumming v. State, 155 Ga. 346 (117 SE 378); Moon v. State, 68 Ga. 687; and Williams v. State, 31 Ga. App. 173 (120 SE 131)." Williams v. State, 210 Ga. 665, 667 (82 SE2d 217). While Williams v. State, supra, was remanded by the United States Supreme Court to this court (Williams v. Georgia, 349 U. S. 375 (75 SC 814, 99 LE 1161)), this court reaffirmed its previous ruling (Williams v. State, 211 Ga. 763 (88 SE2d 376)), and the United States Supreme Court denied certiorari (350 U. S. 950 (76 SC 326, 100 LE 828)). The same rule applies where a grand jury is illegally constituted. Blevins v. State, 220 Ga. 720 (3) (141 SE2d 426), and cases cited.

In the instant case the grand jury returned the indictment against the petitioner on July 24, 1964. He was tried and convicted on September 15, 1964. His conviction was affirmed by this court on May 6, 1965, rehearing denied May 31, 1965. He was represented by able counsel. He filed a habeas corpus petition on September 22, 1967, and first raised the question of illegally constituted grand and traverse juries by amendment filed on May 31, 1968. He alleges that neither he nor his attorney knew that the juries were illegally constituted until two weeks before filing the amendment, but he offered no proof of this.

Under these facts, and the decisions of this court, the petitioner waived his objections and will not be heard to complain in this habeas corpus proceeding that the grand and traverse juries were illegally constituted, where denial of rights under the Federal Constitution is not shown. *Code Ann.* § 50-127 (1). The requirement that grand and traverse jurors must be drawn in open court is by reason of Georgia statutes. The petitioner has not been deprived of due process of law or equal protection of the laws under the Federal Constitution simply because under Georgia law jurors must be drawn in open court. This ground is without merit.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating, absent due to illness.*