**B. F. PRESTON and F. A. Galbraith, Appellants,**

v.

**CURTISS NATIONAL BANK, Appellee.**

No. 26301.

United States Court of Appeals Fifth Circuit.

March 17, 1969.

Robert L. Parks, Quinton, Leib, Parks & Aurell, Miama, Fla., for appellants.

John L. Britton, Herbert Stettin, Feibelman, Friedman, Hyman & Britton, Miami, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, and GEWIN and GOLDBERG, Circuit Judges.

PER CURIAM:

This case concerns the efficacy of two individual guaranty agreements executed in 1963 by appellants Preston and Galbraith to the appellee Curtiss National Bank, guaranteeing any and all advances up to $42,000 by the bank to Argonaut Airways Corp. The United States District Court for the Southern District of Florida, sitting as the trier of facts, rejected the appellants' contentions that the 1963 guaranty agreements had been abandoned or had been merged into subsequent agreements. On this appeal the appellants reiterate the arguments made below. We are unpersuaded and, accord-

ingly, affirm the judgment of the district court.

 Each of the 1963 guaranty agreements provided in pertinent part:

FOR AND IN CONSIDERATION of One Dollar ($1.00) and other good and valuable considerations, the receipt whereof is hereby acknowledged, we, for ourselves, our heirs, personal representatives and assigns, respectively hereinafter called "Guarantors," hereby guarantee to CURTISS NATIONAL BANK of Miami Springs, Florida, a national banking corporation, its successors and assigns, hereinafter called "Bank," payment of the full amount of any and all loans or advances to and all conditional sales and retain title contracts and chattel mortgages of or endorsed by and all acceptances, notes and any other indebtedness or liability of ARGONAUT AIRWAYS CORP. hereinafter called "Borrower" by, to or held by the Bank from time to time and at all times hereafter, whether acquired by the Bank in the regular course of business or by purchase, at maturity thereof or at any time thereafter at the option of the Bank, to any aggregate amount not exceeding FORTY TWO THOUSAND AND NO/100 Dollars ($42,000.00) at any one time * * *.

6. The obligations hereunder shall be continuing and irrevocable except as herein provided. Revocation may be made by notice in writing signed by the Guarantor, or if deceased or insane, by his personal representative and delivered to the President, a Vice President, Cashier or an Assistant Cashier of the Bank in person at the Bank and shall become effective at the opening of business on the next business day of the Bank succeeding such delivery. Any such notice shall not affect or impair in any manner whatsoever the obligations of this guaranty as to any indebtedness or liability of the Borrower to the Bank existing at or before the time such notice becomes effective.

Thus it is clear that the agreements are unconditional and continuing warranties up to $42,000 and that the only means of revocation was by written notice. It is undisputed that the appellants gave no notice of revocation. The facts relevant to both the abandonment and the merger defenses raised by the appellants permit conflicting inferences. It is only fair to say that the inferences we draw coincide with those of the district court. In any event, the district court cannot be reversed on factual questions like those involved here unless it is clearly erroneous, United States Fidelity & Guar. Co. v. Ryder Truck Rental, Inc., 405 F.2d 621 (5th Cir. 1969); Fed.R.Civ.P. 52(a), and there certainly was no clear error here.

Affirmed.