**Raymond Clarence HILL, Petitioner-Appellant,**

**A. C. DUTTON, Warden, Georgia State Prison, Respondent-Appellee.**

**No. 29137.**

United States Court of Appeals, Fifth Circuit.

March 11, 1971.

Richard E. Korem, Atlanta, Ga., for petitioner-appellant.

Arthur B. Cunningham, Cunningham & Weinsein, Miami, Fla., amicus curiae.

Harold Karp, Atlanta, Ga., amicus curiae.

Arthur K. Bolton, Atty. Gen. of Ga., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Marion O. Gordon, Courtney Wilder Stanton, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before RIVES, GOLDBERG and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Raymond Clarence Hill was convicted of armed robbery in state court and sentenced to life imprisonment. On direct appeal the Georgia Supreme Court affirmed the conviction, Hill v. State, 1965, 221 Ga. 65, 142 S.E.2d 909, and relief was again denied when Hill petitioned the state courts for a writ of habeas corpus, Hill v. Stynchcombe, 1969, 225 Ga. 122, 166 S.E.2d 729. Hill applied for habeas relief in federal district court and upon its refusal to command his release from custody, an appeal was taken to this court.

■ Hill alleges that evidence favorable to his case was suppressed by the prosecution; that he was denied his right to confer with counsel because the sheriff had the means to monitor incoming calls at the jail; that he was prevented from questioning jurors on voir dire as to possible bias resulting from prejudicial newspaper articles; that a co-defendant, Charles W. Orr, testified falsely concerning Hill's participation in the robbery; that Orr's statements were coerced by threats from the police; and that the grand and petit juries were illegally constituted in that the members were not drawn by a judge in open court as required by Georgia Code Annotated § 59–203 and § 59–701. All these contentions are factual determinations which have been previously adjudicated by the state courts, Hill v. Stynchcombe, supra, and Hill has not alleged nor have we discovered anything to justify rejecting these findings of fact. Since 28 U.S.C. § 2254(d)[1] instructs us that in these circumstances the state court's findings are "presumed to be correct", we affirm the judgment on these issues. White v. Gnann, 5 Cir., 1970, 422 F.2d 1306; Thomas v. Simpson, 5 Cir., 1968, 391 F.2d 283.

■ We also find without merit appellant's contention that he should receive a new trial because the jury was allowed to hear hearsay testimony by a police officer who testified concerning statements supposedly made by co-defendant Orr. Although appellant claims the hearsay evidence prejudiced his trial by bolstering Orr's testimony, appellant had ample opportunity to discredit Orr's statements on cross-examination and the jury was instructed to disregard the erroneously admitted evidence. The error was not so prejudicial as to violate constitutional standards of fundamental fairness. See, e. g., Chavez v. Dickson, 9 Cir., 1960, 280 F.2d 727, n.14.

■ Hill contends he was denied a fair trial because on the call of his case for trial his counsel asked the court which number case was being called and the court responded, in the presence of various jurors who were in the courtroom waiting for the call to service, that there were several numbers pending. According to Hill, the court's statement informed prospective jurors that appellant was charged with more than one offense and thereby prejudiced his trial. Hill objects to the court's denial of his motion, in the form of a challenge to the array, to have these jurors disqualified. However, under Georgia law a challenge to the array is an improper method of contesting possible prejudice by a jury

1. In pertinent part, 28 U.S.C. § 2254(d) provides:

"In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, * * * *shall be presumed to be correct* * * * *" (Emphasis supplied.)

member. Bias, if it existed, could have been discovered and properly disposed of by questions propounded on voir dire or by a challenge to the poll. Hill v. Stynchcombe, supra; Hill v. State, supra.

As to the allegation that the grand jury which indicted Hill was illegally constituted in that said members were selected from the most experienced, intelligent and upright citizens and thus did not represent a cross-section of the community, we find that state remedies have not been exhausted. Hill candidly admitted before the district court that this question was not presented to the state courts. We are thereby foreclosed from consideration of the issue. 28 U. S.C. § 2254; Donlavey v. Smith, 5 Cir., 1970, 426 F.2d 800; Love v. Alabama, 5 Cir., 1969, 411 F.2d 558.

Finally, Hill argues that as a white man his rights under the Fourteenth Amendment were abrogated by the systematic exclusion of Negroes from the grand and petit juries which indicted and convicted him. The district court rejected this contention on the multiple grounds that evidence adduced at the hearing did not support a finding of systematic exclusion; that state remedies were not exhausted; and that Hill would not have been injured even if it appeared that the jurors were selected as alleged. A perusal of the record reveals that the district court was not clearly erroneous in its holding that Hill failed to establish the fact of systematic exclusion of blacks from the juries. Fed.Rules Civ.Proc., Rule 52(a), 28 U.S. C.; Caraway v. Beto, 5 Cir., 1970, 421 F.2d 636; Preston v. Curtiss National Bank, 5 Cir., 1969, 410 F.2d 367. Since our decision is based upon the absence of any demonstrable systematic exclusion, we express no opinion on the exhaustion issue [2] nor do we intimate a res-

olution on the merits of Hill's ultimate claim that a member of the white race is injured by a jury selection process which excludes blacks.[3]

Affirmed.

---

2. See Davis v. Smith, 5 Cir., 1970, 430 F.2d 1256, and Peters v. Kiff, 5 Cir., 1971, 441 F.2d 370, where this court recently dealt with the issue of exhaustion of state remedies as applied to claims by Georgia defendants of systematic exclusion of blacks from the venire.

3. See Peters v. Kiff, supra, and Fleming v. Kelly, 5 Cir., 1971, 438 F.2d 1147.