## 54195. ROGERS v. THE STATE.

SHULMAN, Judge.

The defendant was convicted on two counts of violation of the Georgia Controlled Substances Act.

1. In his first enumeration of error, defendant contends that his constitutional rights were violated when one prospective juror, in response to a question by the trial judge during voir dire, stated that she had been in a psychiatric hospital and had seen what drugs had done to people, and that she would be too biased. This exchange occurred in the presence of all of the prospective jurors. The juror was disqualified and the trial judge then asked if any other jurors felt that there was any bias or prejudice in their minds either for or against the

defendant. No one answered. No objection was interposed nor was there any challenge to the array (see Code Ann. § 59-803), and the case proceeded to trial. The question now before us is, were the rest of the prospective jurors tainted by the expressions of the disqualified juror? We hold that they were not and that no reversible error was committed by the trial court in this connection.

In *Coates v. State,* 165 Ga. 191 (140 SE 287), a juror stated on voir dire, " 'I have heard so much against the defendant that I am prejudiced. . .' " It was held that the court did not err in overruling the motion to disqualify the entire panel of 48 because of the reply of a member thereof to questions on voir dire.

The case of *Williams v. State,* 210 Ga. 665, 667 (82 SE2d 217) holds: "It is settled law in this State that, when a panel of jurors is put upon the prisoner, he should challenge the array for any cause which would go to show that it was not fairly and properly put upon him, and that if he fails to do so, the objection is waived and can not thereafter be made a ground of a motion for new trial. See *Lumpkin v. State,* 152 Ga. 229 (109 SE 664); *Cornelious v. State,* 193 Ga. 25 (17 SE2d 156); *Cumming v. State,* 155 Ga. 346 (117 SE 378); *Moon v. State,* 68 Ga. 687; and *Williams v. State,* 31 Ga. App. 173 (120 SE 131). In the instant case, the defendant made no objection to the jury when the panel was put upon him, and made no objection until he filed this extraordinary motion for new trial after a new trial had been denied and that judgment affirmed by this court."

In *Young v. State,* 232 Ga. 285, 286 (206 SE2d 439), our Supreme Court held: "The record reveals that appellant voiced this objection for the first time in his motion for a new trial. The procedure in this state has long required a criminal defendant to raise a challenge to the jury lists at the time the jury is 'put upon him' or else he waives his right to object. See *Williams v. State,* 210 Ga. 665, 667 (82 SE2d 217) (1954); *Hill v. Stynchcombe,* 225 Ga. 122, 127 (166 SE2d 729) (1969). The legal policy upon which this salutary rule rests is that an accused cannot sit back and gamble upon the verdict and then, if dissatisfied, complain of the jury's selection process for the first time after he has been convicted. Appellant waited too late to

complain of the jury composition in this case, and, even then, offered no evidence in support of the contention. See also *Williams v. State,* 232 Ga. 203."

In Fabian v. United States, 358 F2d 187, 191 (8th Cir., 1966), the court stated: "Although there may have been prejudice here, appellants would have us reverse the convictions, and remand for a new trial on the assumption that the jury actually was so prejudiced that a fair trial was impossible. But the rule is otherwise — jury prejudice cannot be presumed, and appellants have the burden of showing its existence. Beck v. Washington, 369 U. S. 541, 558, 82 S. Ct. 955, 8 L. Ed. 2d 98 (1962)."

2. The second enumeration of error deals with the trial court's charge on entrapment and defendant argues that such charge was not justified under the evidence. The trial court exercised its discretion in determining that there was sufficient evidence or inferences drawn from the testimony to justify the charge. "The charge on entrapment here does not assume that the defendant is guilty, but only instructs the jury, if they find the act was in fact committed (which they might well do under the testimony) to consider whether this defense exists. Furthermore, there was some evidence elicited under cross examination to support the charge. It was not entirely inapplicable. If there is any evidence, even though very slight and consisting only of inferences drawn from the testimony, judgment should be affirmed. *Harper v. Hall,* 76 Ga. App. 441 (2) (46 SE2d 201)." *Rushing v. State,* 133 Ga. App. 434, 436 (211 SE2d 389).

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

Argued July 11, 1977 — Decided September 6, 1977 — Rehearing denied September 26, 1977.

*Guy B. Scott, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.