68327. CAUSEY v. THE STATE.
(322 SE2d 909)

POPE, Judge.

Burl Eugene Causey, Jr. brings this appeal from his conviction of selling marijuana, a violation of the Georgia Controlled Substances Act. His sole enumeration on appeal cites as error the trial court's denial of his motion that he, "an indigent," be provided with clerical assistance to determine whether or not the grand jury which indicted him met constitutional standards. The trial court found that defendant's attempt to raise this issue was untimely, the issue not having been raised until the time defendant filed his amended motion for new trial. We find no error and affirm.

Defendant's motion seeking assistance in an effort to challenge the array of the grand jury was not timely filed. "In order for such a motion to be entertained by the trial court, it must be made prior to the return of the indictment or the defendant must show that he had no knowledge, either actual or constructive, of such alleged illegal composition of the grand jury prior to the time the indictment was returned; otherwise the objection is deemed to be waived. [Cits.] No such showing was made in this case, and it is clear that the motion . . . was filed subsequent to the return of the indictment. . . ." *Sanders v. State*, 235 Ga. 425 (219 SE2d 768), cert. den., Sanders v. Georgia, 425 U. S. 976 (1976).[1] See also *Garrett v. State*, 133 Ga.

---

[1] Defendant's arguments to the effect that actual and/or constructive knowledge of the asserted illegal composition of his grand jury is difficult to ascertain is not sufficient to excuse his untimeliness in presenting his challenge. See *Williams v. State*, 210 Ga. 665 (1) (82 SE2d 217) (1954), remanded, Williams v. Georgia, 349 U. S. 375 (75 SC 814, 99 LE 1161), original opinion adhered to, 211 Ga. 763 (88 SE2d 376) (1955); *Lumpkin v. State*, 152 Ga. 229 (9) (109 SE 664) (1921).

App. 564 (2b) (211 SE2d 584) (1974), cert. den., Garrett v. Georgia, 423 U. S. 846 (1975). Compare *Walraven v. State*, 250 Ga. 401 (1) (297 SE2d 278) (1982), wherein the Supreme Court noted "that the purpose of Rule II (A) (5) of the Georgia Unified Appeal Procedure is to allow a defendant *in a death penalty case* to challenge the array of his grand jury after indictment." (Emphasis supplied.) Id. at 405. Compare also Machetti v. Linahan, 679 F2d 236 (1, 2) (11th Cir. 1982), cert. den., ___ U. S. ___ (103 SC 763, 74 LE2d 978) (1983), where, in a federal habeas corpus proceeding, the court entertained the merits of an untimely challenge to the array of a grand jury and a traverse jury on federal constitutional grounds where the state habeas court had adjudicated the claim on its merits. "Generally, a federal court will honor a valid state procedural rule that a defendant's failure to object to a grand or petit jury before or during trial constitutes waiver of that objection as a basis for habeas corpus relief. [Cits.]" Id. at 238, n. 4.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 25, 1984.

*Harold N. Wollstein*, for appellant.

*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney*, for appellee.