Theodore Woodrow GREGG, Petitioner,

v.

Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

Civ. A. No. 1145.

United States District Court
W. D. Missouri, C. D.

March 15, 1967.

Theodore Woodrow Gregg, pro se.

### ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DENYING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, seeks habeas corpus to invalidate the state court judgment of conviction under which he is confined. For this purpose, he asks leave to proceed in forma pauperis. Leave so to proceed will be granted.

Petitioner states that he was convicted, after a plea of not guilty, by a jury in the Circuit Court of Howell County, Missouri, of second degree murder; that he was sentenced on April 19, 1965, to a term of imprisonment of twenty-five years; that he appealed the judgment of conviction and imposition of sentence to the Supreme Court of Missouri; that his conviction and sentence were affirmed on February 14, 1966, in an unpublished opinion; and that thereafter he filed a motion under Missouri Criminal Rule 27.26, V.A.M.R. in his committing court.

In an "Amendment to Petition For Writ of Habeas Corpus" which was filed on December 6, 1966, petitioner states that one week after the submission of the above-entitled petition for habeas corpus in this Court, he received the order of the Circuit Court of Howell County, Missouri, which denied his Rule 27.26 motion. Petitioner further states that he has not filed his notice of appeal to the Supreme Court of Missouri because:

"(This) would therefore, require a special order of the Missouri Supreme Court granting untimely notice of ap-

peal. Then, should petitioner be granted the right to appeal out-of-time and the appeal should therefore be perfected, the Supreme Court of Missouri could not determine the issues in lieu of the missing fact finding process by the Trial Court. The case would then be remanded back to the Trial Court for such a factual hearing. It is usless (sic) to say that many, many months would pass before the petitioner could have an adequate appellate review. This type of delay in failure of the Trial Court to set a 'prompt hearing' or no hearing at all does violate the provisions governing the procedure of a motion filed pursuant to Supreme Court Rule 27.26, providing for a 'prompt hearing' and especially a full hearing where factual issues are involved, as in the Motion submitted by the petitioner in this cause."

 It is concluded that the circumstances stated by the petitioner, and assumed for the purposes of this petition to be true, are nevertheless insufficient to render the liberal state post-conviction remedies "ineffective to protect the rights of the prisoner". Section 2254, Title 28 U.S.C.A., expressly provides that:

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he *has the right under the law of the State to raise, by any available procedure,* the question presented." (Emphasis supplied)

This quoted provision is applicable in this case. The fact that petitioner has not yet afforded the Supreme Court of Missouri opportunity to review his Missouri Criminal Rule 27.26 motion is sufficient reason to dismiss the petition without prejudice. See Hooper v. Nash (C.A. 8, 1963) 323 F.2d 995, cert. den. 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed. 2d 768.

Until petitioner has exhausted the currently available state remedies under Missouri Criminal Rule 27.26 in the trial court and in the Supreme Court of Missouri he cannot secure a determination of his claims of violation of federal rights by federal habeas corpus. White v. Swenson (W.D.Mo. Court en banc, 1966) 261 F.Supp. 42; Donnell v. Nash, (C.A. 8, 1963) 323 F.2d 850, cert. den. 376 U.S. 924, 84 S.Ct. 686, 11 L.Ed.2d 619.

For the reasons hereinabove stated, it is hereby

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition be, and it is hereby, denied without prejudice.