**George Washington JACKSON, Petitioner,**

v.

**Harold R. SWENSON, Warden, Respondent.**

**No. 1188.**

United States District Court
W. D. Missouri,
Central Division.

May 15, 1967.

George Washington Jackson, pro se.

Norman Anderson, Atty. Gen., State of Missouri, Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

This is a state prisoner habeas corpus case. The preliminary question of whether petitioner has exhausted available state court remedies is presented. On April 20, 1967, in order to obtain full information concerning petitioner's past postconviction efforts, we ordered that "petitioner promptly file copies of any and all motions and other legal documents that he contends that he filed in any court in connection with his present confinement" and that "respondent attach as exhibits to his response * * * copies of all appropriate documents and orders entered by the Circuit Court of Lafayette County, Missouri, and the Supreme Court of Missouri." The parties have done so.

From those sources we now have before us sufficient data upon which to determine whether we should presently exercise jurisdiction. Our review of the multiple postconviction proceedings filed and processed in two Circuit Courts of Missouri, two Missouri appellate courts, in the United States District Court for the Northern District of Texas, and the earlier habeas petition filed in this Court establishes that, in spite of all that judicial activity, petitioner has not exhausted available state remedies. His second habeas petition filed in this Court should and will be dismissed without prejudice in order to afford him an opportunity so to do.

## I.

■ Petitioner alleges in his second federal habeas petition that he was sentenced as an habitual criminal and that the state sentence under which he is now in custody is void because a prior federal conviction was in fact used as a base for the imposition of that sentence under the Missouri Habitual Criminal Act. Petitioner's attack is primarily directed against a 1955 sentence imposed by the United States District Court for the Northern District of Texas.

Court and other records, the authenticity of which are admitted by the petitioner, establish that petitioner's prior federal sentence was not used as a prior conviction for sentencing under the Missouri Habitual Criminal Act. Petitioner was not in fact sentenced under that Act.

Petitioner was arraigned in the Circuit Court of Lafayette County, Missouri, on December 12, 1960 on an information charging armed robbery. An information dated December 8, 1960 did allege that petitioner had pleaded guilty to robbery second degree in the State of Kansas on August 4, 1958, but no mention was made of any prior federal conviction. That information was read in open court at the time petitioner entered a plea of not guilty (December 12, 1960 Transcript in the Circuit Court of Lafayette County, Missouri, pp. 3–4).

At the time petitioner entered a plea of guilty on February 14, 1961, an information dated January 30, 1961 had been filed that date. The second information omitted any reference to the prior Kansas conviction and, like the first information, did not mention any prior federal conviction. The data before us is not entirely clear in regard to which information petitioner's plea of guilty was accepted. It is not necessary to resolve that question because neither contained any allegation concerning any prior federal conviction and because sentence was not in fact imposed under the Missouri Habitual Criminal Act.

Page 5 of the transcript of February 14, 1961 shows that before sentence was imposed the state trial judge asked defendant: "Do you know of any legal reason why the Court should not pronounce judgment at this time?" It was after that question was asked that defendant advised the judge that he had but one previous felony conviction, explaining that such felony involved a robbery of a service station in Kansas (pp. 7–8 of said transcript). When the court inquired "Do you have a federal conviction?" the petitioner responded:

MR. JACKSON: Yes, sir, that was on a juvenile delinquent, that was no felony. I was caught riding in a stolen car. Went across the State line. (p. 8 of said transcript).

In the course of imposing a 20 year sentence, the state trial judge commented: "With your past record and these *two charges here*, that [a 20 year sentence] is the best in good conscience, that I could do on the matter; so, on your plea of 'guilty,' Mr. Jackson, the Court now sentences you to 20 years in the Department of Corrections." (p. 9 of said transcript).

It is obvious that the "two charges" to which the state trial judge referred were the charge in Case No. 3206, involving the armed robbery in which the sentence petitioner is now serving was imposed, and the other pending charge in Case No. 3214, which involved a charge of escaping jail, to which the petitioner immediately entered a plea of guilty, on which the state trial judge imposed a two year concurrent sentence.

## II.

Petitioner's efforts to obtain postconviction relief illustrate the course taken by many other inmates of state correctional institutions prior to the decisions of the Supreme Court of the United States in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

On October 14, 1961 a habeas corpus hearing at which petitioner was represented by counsel was heard in the Circuit Court of Cole County, Missouri. That petition was denied on October 16, 1961 without the state trial judge making any findings of fact or stating any conclusions of law. The federal question of effective assistance of counsel apparently was litigated and decided. Further proceedings in that court reflect that a petition for mandamus filed October 25, 1961 was denied November 3, 1961. A motion for a copy of the habeas corpus proceeding in the Circuit Court of Cole County was filed November 20, 1961 and denied November 24, 1961.

On October 25, 1961 petitioner filed a motion in the Circuit Court of Lafayette County, Missouri, for leave to withdraw his plea of guilty pursuant to Rule 27.25 of the Rules of the Supreme Court of Missouri, V.A.M.R. That motion alleged newly discovered evidence (attaching a copy of what was allegedly a confession signed by one Jerry Lapsworth to the crime for which petitioner was sentenced); alleged that petitioner had not been given effective assistance of counsel; and alleged that he had been subjected to violent treatment in violation of Section 558.360, Revised Statutes of Missouri, which allegedly forced petitioner to enter a plea of guilty. In another *pro se* pleading filed November 8, 1961 in the Circuit Court of Lafayette County, petitioner alleged that there was no evidence that he was guilty of the crime and that the victim of the robbery, petitioner's father, "has consistently indicated that he would not testify in this cause or involve the defendant [movant] in any way as a participant in the robbery in question."

The Circuit Judge of Lafayette County appointed counsel to represent petitioner on December 29, 1961, and a hearing was held on March 21, 1962, after which petitioner's motion was denied. No findings of fact or conclusions of law were made of record by the state trial judge. Nor did the petitioner immediately appeal to the Supreme Court of Missouri.

Further proceedings in the Supreme Court of Missouri in regard to the order entered by the Circuit Court of Lafayette County denying petitioner's motion to withdraw his guilty plea will be outlined later.

Simultaneously with the proceeding in the Circuit Court of Lafayette County, Missouri, petitioner was attempting to process a petition for habeas corpus in the Kansas City Court of Appeals. In that petition the federal question of effective assistance of counsel was raised together with other questions. Petitioner alleged that "he has been held in prison now, for a year, for a crime he never had anything to do with." Counsel was appointed by the Kansas City Court of Appeals on April 11, 1962. That court denied petitioner's habeas petition on the ground that the Circuit Court of Cole County had found the issues for the respondent and against the petitioner.

In May of 1962, also during the same time petitioner's motion to withdraw his plea of guilty was being processed in the Circuit Court of Lafayette County, Missouri, petitioner began correspondence with the United States District Court for the Northern District of Texas, which culminated in a "motion for special order of the court" filed October 17, 1962. In that motion petitioner attempted to put in issue the validity of the four year sentence imposed January 28, 1955 by that court under the Federal Juvenile Delinquency Act. Petitioner had been convicted under that Act on his plea of guilty of committing an act of juvenile delinquency in that he had knowingly transported a stolen motor car in interstate commerce in violation of Sections 5032 and 2312, Title 18, United States Code. Petitioner there alleged that he had been "tricked into entering a plea of guilty" and that he had not been represented by counsel. That motion was eventually denied in 1962, as was a similar motion filed that year in the United States Court of Appeals for the Fifth Circuit. In order to cover petitioner's efforts in that federal court, it should be added that as recently as July 15, 1966, petitioner attempted to have the United States District Court for the Northern District of Texas vacate its 1955 judgment. On July 25, 1966 that court refused to entertain jurisdiction because the petitioner was not in federal custody and not confined within the jurisdiction of that court. No appeal was taken to the Fifth Circuit.

Returning to petitioner's efforts in regard to his motion to withdraw his plea of guilty, on September 7, 1962, petitioner filed a "Motion for a Special Order" in the Supreme Court of Missouri. He alleged therein that he had not appealed from the order of the Circuit Court of Lafayette County denying his motion to withdraw his plea of guilty because of the pendency of his proceedings in the Kansas City Court of Appeals. That motion prayed that a late appeal be allowed pursuant to Rule 28.07 so that the "entire record proper, especially the stenographic transcript of the hearing held March 21, 1962, be transmitted to this court so that this cause may be reviewed *de novo*." That motion was evidently denied October 8, 1962 although leave was granted petitioner to file such motion as a poor person.

Petitioner's effort to obtain review by certiorari of that denial by the Supreme Court of Missouri in the Supreme Court of the United States was denied February 18, 1963. See Jackson v. Missouri, October Term, 1962, 372 U.S. 923, 83 S.Ct. 739, 9 L.Ed.2d 727.

In March of 1963 petitioner filed his first habeas petition in this Court. He alleged that he had been denied effective representation of counsel; that the trial judge was prejudiced; that the prosecutor filed the charge as a result of a financial dispute that existed between the prosecutor and the petitioner; that the commitment papers were void; that there was no evidence to support the charge; and that his plea of guilty had been obtained through deception, mistreatment, and fear.

After the issuance of a rule to show cause Judge Gibson dismissed that first federal habeas petition on May 20, 1963

because of petitioner's failure to have exhausted available state remedies.

Instead of filing a new 27.26 motion in the Circuit Court of Lafayette County, petitioner, on July 9, 1963, filed a habeas corpus petition in the Supreme Court of Missouri. The Supreme Court of Missouri on August 6, 1963 permitted the withdrawal of that petition "on the written request of the movant."

On October 28, 1965 the petitioner filed an application in the Circuit Court of Lafayette County, Missouri for a copy of the transcript of the March 21, 1962 hearing. That court denied that application on March 2, 1966. Petitioner filed a notice of appeal to the Supreme Court of Missouri on March 7, 1966. The Supreme Court of Missouri, on December 12, 1966, on its own motion, dismissed that appeal on the ground that such appeal "was not taken from an appealable judgment".

### III.

The above description of petitioner's postconviction proceedings establishes that he has never presented to a Missouri court the question that he attempts to present in his second petition for habeas corpus now pending in this Court. Those proceedings also reflect that the Supreme Court of Missouri has never ruled on the merits of the many federal constitutional questions that have been raised throughout the courts of petitioner's many postconviction proceedings.

This case vividly illustrates the wisdom and foresight that underlie the Supreme Court of Missouri's recent action in amending its Rule 27.26 and its recent insistence that its postconviction rules be complied with by the state trial courts. For reasons stated in detail in White v. Swenson, (W.D.Mo. en banc, 1966) 261 F.Supp. 42, it is clear that petitioner has a presently available state court remedy to file a new Rule 27.26 motion in the Circuit Court of Lafayette County, Missouri, and to obtain there a full and fair evidentiary hearing in accordance with that rule and in accordance with the constitutional standards enunciated in the trilogy of Townsend v. Sain, Fay v. Noia, and Sanders v. United States.

We noted in Garton v. Swenson, Warden, (W.D.Mo.1967) 266 F.Supp. 726, decided April 15, 1967, that the state court trial judge may process the new 27.26 motion in accordance with the amendment of that rule. If the procedure established by the amended rule is followed petitioner will have the benefit of appointed counsel in both the trial court and on any appeal that may be taken to the Supreme Court of Missouri. The Supreme Court of Missouri, and should it prove necessary, this Court at a later date, will then have the benefit of specific and detailed findings of fact made by the state trial judge together with fully stated conclusions of law in which applicable federal constitutional principles and standards are articulated and applied.

It is regrettable, although understandable, that the course of petitioner's postconviction proceedings has been ineffective to obtain the type of evidentiary hearing and adjudication presently required by recent decisions of the Supreme Court of the United States. Hindsight would suggest that had petitioner filed a new 27.26 motion in the state trial court immediately after the denial of petitioner's first federal habeas petition in 1963, and had the state trial court processed that motion in accordance with that rule, and had made the findings of fact and stated the conclusions of law in accordance with the then requirements of that rule and the triology of the Supreme Court of the United States decisions, the Supreme Court of Missouri would have long ago been afforded the opportunity to rule petitioner's claims on the merits and the question of exhaustion of available state remedies would have long ago been removed from this case. But that did not happen. The question now presented to this Court in petitioner's second habeas petition cannot be decided on the basis of might-have-beens.

██ Application of principles discussed in detail in both White v. Swenson, supra, and in Garton v. Swenson, supra,

require that we abstain from exercising jurisdiction until petitioner has exhausted his available state court remedies. He may do that only by filing a new 27.26 motion in the Circuit Court of Lafayette County, Missouri, and, if necessary, by then perfecting a timely appeal to the Supreme Court of Missouri. The courts of Missouri, both trial and appellate, will then be afforded the opportunity to rule all petitioner's claims, including all federal questions, as those courts process the new 27.26 motion in accordance with applicable law. See also Gregg v. Swenson, (W.D.Mo.1966) 264 F.Supp. 929.

For the reasons stated, it is

Ordered that petitioner's second petition for federal habeas corpus should be and is hereby dismissed without prejudice in order to afford petitioner opportunity to exhaust his available state court remedies in the manner above stated. It is further

Ordered that the documents forwarded this Court by the petitioner be returned to him forthwith by the Clerk of this Court.