**Raymond C. HILL, Petitioner,**

v.

**A. L. DUTTON, Warden, Georgia State Prison, Reidsville, Georgia, Respondent.**

**Civ. A. No. 11038.**

United States District Court
N. D. Georgia,
Atlanta Division.

Sept. 22, 1967.

Richard E. Korem, Atlanta, Ga., for petitioner.

Carter A. Setliff, Asst. Atty. Gen., Atlanta, Ga., for respondent.

## STATEMENT OF THE CASE

HOOPER, District Judge.

Raymond C. Hill, under life sentence by a Georgia court for robbery with a weapon likely to produce death, filed this habeas corpus petition in the Southern District of Georgia, and the judge of that district transferred it to this court. The respondent contends that petitioner has not exhausted his state remedies; with that contention this Court agrees and is holding this case in abeyance to give petitioner opportunity to do so.

Petitioner when tried in Tatnall Superior Court was represented by counsel and after conviction this case was appealed to the Supreme Court of Georgia. Hill v. State, 221 Ga. 65, 142 S.E.2d 909. While that court ruled adversely to the contentions of the appellant there was no ruling made upon his contention that his conviction was brought about largely upon the testimony of one Charles William Orr, a co-defendant, and that Orr's testimony was perjured and used by the prosecutor with knowledge of its falsity. Two other alleged errors not expressly ruled upon by the Georgia Supreme Court are also insisted upon in this case.

After affirmance of his conviction petitioner, without the assistance of counsel, attempted to file in Tatnall Superior Court a petition for habeas corpus. It was returned to him by the trial judge as not being in proper form, again sent to the trial judge, and again returned to petitioner by the latter for the same alleged reason. He attempted to appeal his denial of his state habeas corpus petition but, that not having been allowed and filed, there was no record in the Supreme Court upon which to consider the same. He thereupon filed the instant petition for habeas corpus in the United States District Court for the Southern District of Georgia and it was transferred to this Court.

This Court has had a plenary hearing solely on the contention made by respondent that petitioner has not exhausted his state remedies and that this Court therefore should decline jurisdiction upon well established principles of comity.

As the Georgia law stood prior to July 1, 1967 the state court judge, had the habeas corpus petition been allowed and filed in his court, would no doubt have felt compelled to deny the same because of the narrow construction then placed by the Georgia Supreme Court upon the functions of habeas corpus in this state. See Cobb v. Balkcom (5 Cir.) 339 F.2d 95; Smart v. Balkcom (5 Cir.) 352 F.2d 502 and Clarke v. Grimes (5 Cir.) 374 F.2d 550.

The petition for habeas corpus in the state court was attempted to be filed in August of 1966. Subsequent thereto the Georgia Legislature passed a statute effective July 1, 1967 (Georgia Laws 1967, p. 835, and Section 1 of the same clearly expresses a new and liberal policy upon the part of the State as to entertaining habeas corpus petitions by state prisoners. The statute made reference to decisions by the United States Supreme Court curtailing the doctrine of waiver of constitutional rights by an accused and limiting the requirement of exhaustion of State remedies

" * * * to those currently available",

and making reference to the increasing number of State court convictions being collaterally attacked in federal courts

" * * * based upon issues and contentions not previously presented to or passed upon by courts of this State." It pointed out the foregoing

" * * * tends to weaken state courts as instruments for the vindication of constitutional rights, with a resultant deterioration of federal system and federal-state relations."

Following the passage of the above statute the Court of Appeals of this Circuit has uniformly been insistent upon compliance with that statute by State prisoners before applying to the federal courts for relief.

In the case of McGarrah v. Dutton (5 Cir. 1967) 381 F.2d 161, the Court (after pointing out that the appellant in that case had exhausted his State remedies) observed that the above statute

" * * * diminishes our federalism in the area of the obligation of the state to maintain its own system of criminal justice."

Our optimism, however, comes from the fact that

"the problem will not be a recurring one. Georgia has just enacted the new comprehensive post-conviction procedure, effective July 1, 1967, Habeas Corpus Act of 1967, S.B. 171, Ga.Laws * * * 1967 Sess., approved April 21, 1967 (see Appendix). Georgia has equipped itself with flexible adequate tools to meet Georgia's responsibility in the vindication of federal constitutional rights in the trial of criminal cases. This is where it belongs. The role of the Federal Courts will, as it should be, more and more reduced."

The sponsors of Georgia's new Habeas Corpus Statute and the Georgia Legislature are to be sincerely commended for the same. Similar action is being taken by other states. It would appear that in Missouri the state courts appoint counsel for the prisoners in such cases and the federal courts may

" * * * abstain from exercising jurisdicton until petitioner has exhausted his available state court remedies"

which include the filing of a new motion in the state court and then perfecting a timely appeal to the Supreme Court of Missouri. See Jackson v. Swenson, Warden, 267 F.Supp. 681 (Western District of Missouri).

This Court wishes to commend Richard E. Korem, Esquire for his generous and zealous efforts in behalf of petitioner in this case, he at his own expense having taken a trip to Reidsville, Georgia to take depositions of petitioner's co-defendant Orr, which depositions this Court assumes can be used on a habeas corpus petition to be filed in behalf of petitioner in Fulton Superior Court. By agreement between petitioner and counsel for respondent in this case there is no question as to jurisdiction of the new habeas corpus if filed in Fulton Superior Court, this being the county wherein petitioner is now confined.

Order and Judgment in this petition will be entered.