Toby QUARLES, Appellant,

v.

R. P. BALKCOM, Jr., Warden, Georgia
State Prison, Appellee.

No. 22491.

United States Court of Appeals
Fifth Circuit.

Jan. 11, 1966.

Thomas F. Walsh, Savannah, Ga., for
appellant.

Peyton S. Hawes, Jr., Albert Sidney
Johnson, Asst. Attys. Gen., Eugene Cook,
Former Atty. Gen. of Georgia, Arthur
K. Bolton, Atty. Gen. of Georgia, Marion
O. Gordon, Atlanta, Ga., for appellee.

Before BROWN, WISDOM and
THORNBERRY, Circuit Judges.

PER CURIAM:

In 1957, appellant, with appointed
counsel present, entered a plea of guilty
in state court to five separate indict-
ments. Four of the indictments charged
appellant with offenses purportedly com-
mitted on January 9, 1954, and the other
indictment alleged an offense allegedly
committed on December 17, 1953. Ap-
pellant was sentenced to serve five years
for each offense charged, or a total of
twenty-five years.

On August 18, 1964, appellant sought
habeas corpus relief in the United States
District Court. His petition alleged that
he was incarcerated in county jail on
January 9, 1954, and therefore could not
have committed the offenses alleged in
four of the indictments. According to
appellant, his plea of guilty to those
charges was a mistake, in that he
thought he was pleading guilty to a
single burglary in another county which
in fact the indictment did not mention.

The district court held a hearing on
appellant's habeas petition, and at the
hearing it was proved that appellant was
in fact incarcerated on January 9, 1954.
The district court denied the petition,
however, on the ground that the appel-
lant was then serving the sentence re-
sulting from the indictment alleging an
offense on December 17, 1963, and was
therefore not serving the sentences un-
der attack. During the pendency of this
appeal, however, appellant completed
service of the uncontested sentence.

It is true that "questions of guilt or
innocence are not matters to be con-
sidered upon petition for habeas corpus.
The sole purpose of such proceedings is
to test the validity or legality of the re-
straint of the petitioner." Shaver v.
Ellis, 5th Cir. 1958, 255 F.2d 509, at 511.
Nevertheless, a substantial question is
here presented as to the adequacy of the
representation furnished appellant by
his court-appointed counsel at the time
of the entry of his pleas of guilty. Ap-
pellee concedes that the hearing before
the district court did not touch deeply on
the question of the scope of the pre-trial
investigation by counsel. We agree, and
we feel that this question must now be
thoroughly examined, especially with re-
gard to whether there was an adequate

exploration and explanation of the allegations in the indictment. The following language from Jones v. Cunningham, 4th Cir. 1963, 313 F.2d 347, cert. denied 375 U.S. 832, 84 S.Ct. 42, 11 L.Ed.2d 63, is pertinent here:

"Of course, it is not for a lawyer to fabricate defenses, but he does have an affirmative obligation to make suitable inquiry to determine whether valid ones exist. Such a duty is imposed for the salutary reason that '[p]rior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered.' Von Moltke v. Gillies, 332 U.S. 708, 721, 68 S.Ct. 316, 322, 92 L.Ed. 309 (1948)."

Therefore, the order appealed from is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.