Toby QUARLES, Appellant,

v.

A. L. DUTTON, Warden, Georgia State Prison, Appellee.

No. 24146.

United States Court of Appeals Fifth Circuit.

June 23, 1967.

Thomas F. Walsh, Savannah, Ga., for appellant.

Carter A. Setliff, Asst. Atty. Gen., Arthur K. Bolton Atty. Gen., G. Ernest Tidwell Executive Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before COLEMAN and AINSWORTH, Circuit Judges, and CARSWELL, District Judge.

AINSWORTH, Circuit Judge:

This matter is before us for the second time (see our former opinion in Quarles v. Balkcom, 5 Cir., 1966, 354 F.2d 985). Regretfully, we must reverse and remand again for failure of the trial court to resolve the question involving petitioner's plea of guilty in the Richmond County, Georgia, Superior Court to four separate indictments for burglary where the offenses charged purportedly were committed on January 9, 1954, but petitioner was actually incarcerated in the Clarke County, Georgia, jail on the date the burglaries are alleged to have occurred.

Quarles, who is imprisoned in the Georgia State Prison at Reidsville, first applied for habeas corpus in the City Court of Reidsville, Tattnall County, Georgia, which was denied after a hearing. Petitioner then filed this petition for habeas corpus pro se. The district judge appointed counsel and an evidentiary hearing was held at which Quarles contended that his state court-appointed counsel had inadequately represented him and that he did not know he had pled guilty to the five separate indictments for burglary but thought that he was pleading guilty only to one charge of burglary which had been committed on November 23, 1953. However, none of the five indictments for burglary referred to an offense having been committed on November 23, 1953. One of the five indictments related to a burglary committed in Richmond County, Georgia, on December 17, 1953, and the four remaining indictments were concerned with burglaries, each having been committed on January 9, 1954 in said county. The record shows that Quarles pled guilty on June 6, 1957, at which time he was 21 years old, to the five indictments and received sentences of five years on each to run consecutively, a total of twenty-five years. Quarles contended, and the proof showed, that he could not have committed any offense on January 9, 1954 because he was incarcerated in the Clarke County, Georgia, jail on that date.

At the first hearing the district judge denied the writ and held that petitioner had been represented in the state court proceedings by adequate and competent court-appointed counsel. The court, however, did not reach the question involving the four offenses alleged to have occurred on January 9, 1954 (when petitioner proved he actually was incarcerated) because defendant had pled guilty to an offense charged to have occurred on December 17, 1953 for which it held that a valid five-year sentence was imposed. The time of the latter sentence—five years—had not yet expired so as to require the immediate release from custody of the prisoner. The district judge cited Miller v. Gladden, D.C.Or.1964, 228 F.Supp. 802, in support of his finding.

We pointed out in our first opinion (354 F.2d 985), in setting forth the facts of the case, that "During the pendency of this appeal, however, appellant completed service of the uncontested sentence." We remanded the case for further proceedings consistent with our views, and though our emphasis was on the adequacy of the representation furnished appellant by his court-appointed counsel at the time of the entry of his pleas of guilty, implicit in our opinion was the necessity for the district judge to resolve the question of how Quarles could have properly pled guilty to the four indictments charging burglaries purportedly committed on January 9, 1954, when he was, in fact, in the Clarke County, Georgia, jail on that date, making it impossible for the offense to have been committed then.

At the second hearing the district judge and counsel so construed our ruling.[1] After the hearing the court entered its order and judgment denying habeas corpus and finding that O. L. Collins, attorney of Augusta, Georgia, who was petitioner's counsel in the state court when he entered his plea of guilty, had adequately and competently represented him. However, the court made no finding on the question, still unresolved, as to how petitioner could have pled guilty to four separate indictments for burglaries purportedly committed on January 9, 1954 when he was then incarcerated. The record before us in the two habeas corpus hearings below is uncontradicted that the defendant was in jail on January 9, 1954 and the court so held in its order and judgment following the first hearing. The Attorney General offered no evidence in rebuttal of this fact, and except for the statement of the Assistant Attorney General, Mr. Setliff, at the second hearing that "It was just a typographical error on the indictment,"

we have no clue by which we may intelligently resolve the question now.

■■ We agree with the trial judge's findings that the services of court-appointed counsel were adequate so far as the record reflects and that petitioner does not have sufficient ground to complain of the adequacy and competency of counsel. His counsel testified—and the district judge accepted his testimony—that he had conferred with the defendant, explained his rights and rendered such services as normally would be expected from defense counsel to one who purportedly desired to enter a plea of guilty. We said in Williams v. Beto, 5 Cir., 1965, 354 F.2d 698: "It is the general rule that relief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and

1. At the very outset of the second hearing, the following colloquy occurred between the court and counsel (Mr. Walsh for petitioner and Mr. Setliff, the Assistant Attorney General, for respondent) (R. 138):

"Your Honor, this is the case of Tobby Quarrels, originally charged with five offenses of burglary. It was tried in Savannah, and there was a hearing in the District Court and it was appealed to the United States Court of Appeals on the inadequacy of counsel and was referred back here. At the time it was tried originally, as I understand, there was six months to a year or a few months left on one of the sentences, so he wasn't actually eligible but meanwhile between the time—when the appeal came around—well, he is actually now charged with four separate burglaries and in which Mr. Quarrels contends that he was in jail at the time the crime was committed. I think that is the gist—

"THE COURT: In other words, he had an alibi by being in jail?

"MR. WALSH: Yes, sir. The fact that he plead guilty to those at the time of the trial he claims that he was misled.

"THE COURT: All right. Your defense is that he plead guilty and therefore he had to be in court, is that it?

"MR. SETLIFF: That's correct, Your

Honor, It was just a typographical error on the indictment."

Shortly thereafter another colloquy between the court and counsel occurred as follows (R. 139):

"MR. SETLIFF: Not right now. Although he is my witness, it would seem to be improper at this point. The only thing to be determined, as I understand it, is the adequacy of counsel. This other thing about the mistake on the face of the indictment as to this prisoner being in jail at the time the crime was committed —of course, this is a second point that will come out, and we will have to question Mr. Collins on the stand, I guess, to see if he can clarify it.

"THE COURT: All right, we will take it all up.

"MR. WALSH: Well, that hasn't come out as far as I know.

"THE COURT: Well, we will take it all up. You may go ahead."

Finally, the court remarked—and we quote in pertinent part (R. 141):

"I am going into the question of the representative [sic] of this man, and also any other facts which you may present as to the opinion of the Circuit Court of Appeals with which you are familiar and which you just handed me."

preparation." The facts here do not warrant such a holding.

 Under the circumstances, a further evidentiary hearing is required, and should the evidence show that the burglaries charged in the four separate indictments occurred at a time when petitioner was incarcerated (the time now having run as to the sentence imposed in the fifth indictment), the district judge will have no alternative but to grant the writ of habeas corpus in favor of petitioner. We do not, of course, foreclose a full inquiry by the district court into whether there were typographical errors in the dates on the four separate indictments.

Reversed and remanded.