**Eddie C. FILE, Appellant,**

v.

**Lamont SMITH, Warden, Georgia State Prison, Appellee.**

**No. 26226**
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

July 16, 1969.

Eddie C. File, pro se.

Arthur K. Bolton, Atty. Gen. of Georgia, Harold N. Hill, Jr., Executive Asst. Atty. Gen., Mathew Robins, Marion O. Gordon, Courtney Wilder Stanton, Asst. Attys. Gen., Atlanta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

■ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

The United States District Court denied Appellant File's petition for habeas corpus and he appeals. We affirm.

Appellant was arrested in Shreveport, Louisiana, and held for the Georgia authorities on a charge of burglary. He was brought back to Georgia and, represented by court-appointed counsel, was convicted on his plea of guilty.

In his petition for habeas corpus relief, appellant alleged:

(1) he was extradited contrary to due process and against his will;

(2) he was denied counsel before and during interrogation;

(3) he was not advised of his right to remain silent;

(4) counsel was appointed only minutes before trial;

(5) he was coerced into pleading guilty by threats to prosecute his wife;

(6) he was promised a sentence to run concurrently with another sentence he was serving, but was given a consecutive sentence instead;

(7) the Grand Jury which returned his indictment was illegally selected from segregated tax digests.

Following an evidentiary hearing held on February 29, 1968, at which appellant was present and represented by counsel, the district court denied the relief sought.

■ The record, which includes the transcript of the evidentiary hearing held below, reveals no clear error in the findings of the district court. The testimony of the sheriff who brought appellant from Louisiana to Georgia was that appellant waived extradition because he was anxious to return to consult with his attorney in Savannah.

Appellant's trial counsel testified that appellant sought to plead guilty as charged, but the trial judge refused to accept the plea until appellant had discussed his case with an attorney. The court thereupon appointed counsel. Appellant confessed his guilt to counsel and, having been advised of the charges against him, the possible penalties involved, and his right to a jury trial, reaffirmed his desire to plead guilty, and did so plead. Further testimony of this counsel and of the Solicitor General who prosecuted the case was to the effect that no threats of any kind were made, including prosecution of appellant's wife, and no promises in regard to sentencing were given.

■■ A review of the record shows that the court below was not clearly erroneous in finding that appellant's plea of guilty was freely and voluntarily entered, with the advice and benefit of counsel, and was not the result of coercion, intimidation or promises. Therefore, the District Court's denial was proper in light of the well-settled rule that a guilty plea, if voluntarily and understandingly made, waives all non-jurisdictional defects in the prior proceedings against an accused. Busby v. Holman, 5 Cir., 1966, 356 F.2d 75; Cooper v. Holman, 5 Cir., 1966, 356 F.2d 82. The judgment of the district court is affirmed.