**Robert FARMER, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 28130
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Dec. 22, 1969.

Robert Farmer, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Gilbert J. Pena, Charles R. Parrett, Asst. Attys. Gen., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal is taken from the order of the district court denying the petition of a Texas convict for the writ of habeas corpus.[1] We affirm.

Appellant, serving a life sentence for rape, filed his petition below alleging that his confession was coerced and was the direct cause of his entering an involuntary plea of guilty. He also alleges that the confession was introduced into evidence without a judicial determination first being made as to its voluntariness, that evidence was seized during an illegal search, that his requests for counsel made prior to giving his confession were denied, that he was not advised of his rights, and that he was forced to participate in a line-up before the victim.

The record before the district court included a copy of the transcript of the evidentiary hearing held in the state trial court pursuant to Rule 11.07, Vernon's Ann.Texas Code of Criminal Procedure. The court below found ample evidence to support the findings and conclusions of the state court that the confession and plea of guilty were freely and voluntarily given and were not the result of threats, promises, or coercion. The state court also found that the confession was not introduced into evidence at the trial. A reading of the transcript reveals no clear error in these findings. 28 U.S.C. § 2254. The confession and plea of guilty being found to be voluntarily made, the remaining allegations of the appellant need not be considered, for by pleading guilty a defendant waives all prior non-jurisdictional defects in the proceedings against him. File v. Smith, 5th Cir. 1969, 413 F.2d 969 [July 16, 1969]; Busby v. Holman, 5th Cir. 1966, 356 F.2d 75; Cooper v. Holman, 5th Cir. 1966, 356 F.2d 82. The judgment below is affirmed.

Affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I [Oct. 7, 1969].