**Jack W. WHITE, Petitioner-Appellant,**

v.

**Hubert D. GNANN, Warden, Effingham Public Works Camp, Springfield, Georgia, Respondent-Appellee.**

No. 28499

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 19, 1970.

Jack W. White, pro se.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Exec. Asst. Atty. Gen., Courtney Wilder Stanton, Marion O. Gordon, Asst. Attys. Gen., Atlanta, Ga., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

▇ We have concluded on the merits that oral argument is unnecessary in this case. Accordingly, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. See Huth v. Southern Pacific Co., 5 Cir. 1969, 417 F.2d 526; Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804; 5th Cir. R. 18.

Jack White, represented by court-appointed counsel, was convicted and sentenced upon his plea of guilty in state court to the charge of larceny of a motor vehicle. When he had exhausted state remedies, White filed a petition for habeas corpus in the district court. He alleges that he was held in jail incommunicado for sixty-five days prior to arraignment and not permitted to get in touch with counsel during that time; that he was wrongfully denied the right to make bond; and that his plea of guilty was coerced in that his lawyer advised that if he did not plead guilty "he stood a good chance of getting ten years" instead of the two years his lawyer had bargained for if he entered a guilty plea. The district court denied relief without holding an evidentiary hearing.

▇ In a prior habeas corpus proceeding on March 13, 1969, the Superior

Court of Effingham County, Georgia, held a hearing on all of these contentions. White was represented by counsel. Upon consideration of the evidence presented, the Superior Court denied the petition for habeas corpus with findings of fact and conclusions of law. This judgment was affirmed on appeal to the Supreme Court of Georgia. White has not alleged nor have we discovered anything to justify rejecting these findings of fact. 28 U.S.C. § 2254 [1] instructs us that in these circumstances the state court's findings are "presumed to be correct". Thomas v. Simpson, 5 Cir. 1968, 391 F.2d 283.

■■ As characterized by the district court, the Superior Court of Effingham County, Georgia, concluded that the evidence demonstrated White's guilty plea to have been entered knowingly, deliberately, and voluntarily. White's fear of receiving a greater sentence by standing trial does not vitiate his plea. Schnautz v. Beto, 5 Cir. 1969, 416 F.2d 214, 215–216; Parrish v. Beto, 5 Cir. 1969, 414 F.2d 770; Rogers v. Wainwright, 5 Cir. 1968, 394 F.2d 492. Since a plea of guilty entered voluntarily and understandingly waives all prior nonjurisdictional defects, File v. Smith, 5 Cir. 1969, 413 F.2d 969, we affirm the judgment of the district court.

---

1. 28 U.S.C. § 2254(d) reads:

In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.