**George William MILTON, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

**No. 29064**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 23, 1970.

Rehearing Denied July 16, 1970.

Bruce E. Lazar, Miami, Fla., for appellant.

George W. Milton, pro se.

Jesse J. McCrary, Jr., Asst. Atty. Gen., Earl Faircloth, Atty. Gen., Miami, Fla., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

George William Milton appeals pro se from the District Court's denial of his petition for a writ of habeas cor-

pus. Milton is presently in the custody of the State of Florida under a sentence of life imprisonment. This sentence was imposed upon Milton's conviction in 1958 for the murder of his wife. We conclude that the habeas corpus petition was rightly denied and, accordingly, affirm the judgment of the District Court.[1]

 This is the second time that Milton has appealed to this Court from a denial of habeas corpus relief. Previously, we affirmed the denial on the ground that Milton had failed to exhaust available state remedies. Milton v. Wainwright, 5 Cir., 1968, 396 F.2d 214. In accordance with our decision, Milton moved the state court that had sentenced him to vacate the judgment of conviction under Fla.R.Crim.P. 1.850, 33 F.S.A. He was denied this relief without a hearing. Subsequently, the Florida Supreme Court denied leave to docket his habeas corpus petition on the ground that it was a successive similar petition. We agree with the District Court that Milton has exhausted the state remedies available to him and, therefore, consider the merits of Milton's claim.

In the court below, a lawyer was appointed to represent Milton, and an evidentiary hearing was scheduled on the merits of the petitioner's contention that his oral confession to a police agent disguised as a fellow prisoner had been involuntarily given. At the hearing, however, both petitioner and respondent agreed that further testimony was unnecessary and that the issues presented should be decided on the basis of the testimony adduced in the state trial court. After hearing argument from both sides, the District Court found that Milton's confession had not been obtained in violation of the federal constitutional standards applicable at the time of his trial and when his conviction became final. The District Court's opinion is reported. Milton v. Wainwright, S.D.Fla., 1969, 306 F.Supp. 929.

 Having carefully reviewed the record, we conclude that the District Court's findings may not be set aside as clearly erroneous. The District Court has comprehensively dealt with the issues presented in this case, and we affirm on the basis of its opinion. We add, however, that the issue whether the rule of Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), is applicable to Milton's confession is controlled by our decision in Lyles v. Beto, 5 Cir., 1966, 363 F.2d 503, which refused to apply Massiah retroactively. Accord, United States ex rel. Long v. Pate, 7 Cir., 1969, 418 F.2d 1028; United States ex rel. Allison v. New Jersey, 3 Cir., 1969, 418 F.2d 332.

Affirmed.

---

1. We have concluded on the merits that this case is of the character that does not justify oral argument. Therefore, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this action in writing. 5 Cir. R. 18.