Billy Joe SMITH, Petitioner-Appellant,

v.

Lamont SMITH, Warden, Georgia State Prison, Respondent-Appellee.

No. 29803

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 30, 1970.

Billy Joe Smith, pro se.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Dorothy T. Beasley, Marion O. Gordon, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GEWIN, Circuit Judge:

This appeal is taken from an order of the district court denying the petition of a Georgia state convict for the writ of habeas corpus. We affirm.

Appellant Billy Joe Smith, on the advice of court-appointed counsel, pled guilty to twelve charges of rape and was sentenced in October 1967 by the Superior Court of Fulton County to serve twelve concurrent sentences of life imprisonment. In April 1969 he filed a pro se petition for habeas corpus in the Tattnall County Superior Court of Georgia urging that the judgments be invalidated on two grounds: (1) his court-appointed attorney failed to render effective assistance; and (2) he was not provided counsel at a police line up. After an evidentiary hearing, the state habeas court denied the petition. No appeal was perfected to the Georgia Supreme Court.

In November 1969 appellant filed a habeas corpus petition in the United States District Court for the Northern

* ▮ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F. 2d 409.

District of Georgia. The petition was denied on January 23, 1970 without a hearing on the basis of the state habeas corpus record. This practice is authorized by 28 U.S.C. § 2254(d) which provides that the determination of the state court in a habeas corpus proceeding "shall be presumed to be correct," unless the factual determination is not fairly supported by the record.[1]

■ Our independent examination of the record, including the transcript of the arraignment and sentencing proceedings, has convinced us that appellant voluntarily entered his guilty plea upon the advice of competent counsel with full understanding of his rights and full awareness of the consequences of his course of conduct. Smith testified at the state habeas corpus hearing that he pled guilty because his counsel advised him that the case against him was very strong and that he was risking the death penalty if he went to trial. While we realize that petitioner was faced with a difficult choice, we do not feel that this vitiated the voluntariness of the guilty plea,[2] nor do we think that Smith was incompetently advised by his attorney on this matter. As the Supreme Court stated in McMann v. Richardson: [3]

> That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing. * * * In our view a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the grounds that counsel may have misjudged the admissibility of the defendant's confession.

■ Appellant next contends that his court-appointed attorney failed to render effective assistance in that there was a complete lack of pretrial preparation. Appellant bases this allegation on the fact that counsel spoke to him for the first time ten minutes prior to arraignment. However, the state habeas court held there was no merit in this contention in light of the attorney's affidavit which reads in part as follows:

> Deponent shows that he undertook to represent said defendant, that he did study the law relative to said case, that he went out on four separate occasions to investigate the said case and to talk with witnesses about various phases of the crimes. That after studying the law and investigating the case and considering the facts involved, that he prepared a Motion to Quash the Indictment and a Challenge to Qualifications of Panels, and Challenge to Polls and Array, and he did prepare himself to defend the said Billy Joe Smith in the Fulton Superior Court since it was the defendant's desire that such defense be made in his behalf.

The district court in turn examined the state habeas record and found that the evidence clearly supported the finding that counsel was a qualified member of the bar and that he represented Smith in a capable, competent, professional manner. From this determination, the district court independently concluded that Smith's constitutional rights had not been violated. We find no error in the district court's ruling that appellant was not denied effective assistance of counsel.[4]

■ Finally, appellant alleges additional error because he did not have assistance of counsel either at pre-trial

1. See: Shank v. Smith, 426 F.2d 1344 (5th Cir. 1970).

2. See: Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, 760 (1970); Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785, 791 (1970); Busby v. Holman, 356 F.2d 75, 77 (5th Cir. 1967); Cooper v. Holman, 356 F.2d 82, 85 (5th Cir. 1966),

cert. den. 385 U.S. 855, 87 S.Ct. 103, 17 L.Ed.2d 83.

3. 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed. 2d 763, 773 (1970).

4. Quarles v. Dutton, 379 F.2d 934, 936 (5th Cir. 1967); Williams v. Beto, 354 F.2d 698, 702 (5th Cir. 1965); Gray v. United States, 112 U.S.App.D.C. 86, 299 F.2d 467 (1962).

interrogation by police or at a pre-trial line up identification. We note, however, that the judgment of conviction was based upon appellant's valid plea of guilty. In this situation, it is well settled that a valid plea of guilty constitutes a waiver of all nonjurisdictional defects in the prior proceedings, including deficiencies in the line up procedure:

> This is so because the plea, if voluntarily and understandingly made, is conclusive as to the defendant's guilt, admitting all the facts charged and waiving all non-jurisdictional defects in the prior proceedings against him. The judgment and sentence which follow a plea of guilty are based solely upon the plea and not upon any evidence which may have been acquired improperly by the prosecutor.[5]

Since appellant's specifications of error are based on alleged non jurisdictional defects in the pre-trial proceedings, such claimed departures were waived by his valid plea of guilty. We have considered all of appellant's contentions and find no error in the judgment or proceedings below.

The judgment is affirmed.

---

5. Busby v. Holman, 356 F.2d 75 (5th Cir. 1966) at 78. See: Farmer v. Beto, 421 F.2d 184 (5th Cir. 1969) ; File v. Smith, 413 F.2d 969, 970 (5th Cir. 1969).