James Marion NORTON, Petitioner,

v.

L. L. WAINWRIGHT, Director, Florida Division of Adult Corrections, Respondent.

Tallahassee Civ. A. No. 1694.

United States District Court, N. D. Florida.

March 22, 1971.

James Marion Norton, pro se.

Nelson E. Bailey, Asst. Atty. Gen., of Florida, Tallahassee, Fla., for defendant.

## ORDER

MIDDLEBROOKS, District Judge.

This cause is before this Court upon petitioner's application for writ of habeas corpus and for leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner asserts as his basis for relief that he was unaware of his right to appeal and right to appointment of counsel on appeal and that the State Court failed to advise him of these rights. The proceedings below in which these alleged violations of constitutional dimension occurred may be chronicled briefly as follows:

Petitioner was charged in the Circuit Court of Bay County, Florida, on two counts of robbery and one count of escape. At the arraignment proceeding

counsel was appointed for petitioner and upon advice of counsel petitioner entered pleas of guilty to each offense as charged. Before accepting the pleas of guilty, the Court had read to petitioner a waiver and consent form which was signed and executed by him. See Exhibit "A". As an aside this Court notes that this form is similar to the waiver and consent form used in this Court.

■ On August 25, 1970, petitioner sought post-conviction relief in the Bay County Circuit Court by filing his Rule 1.850 motion. That motion having been denied, he then took an appeal to the Florida First District Court of Appeal which affirmed on January 14, 1971, the action of the Bay County Circuit Court. On February 12, 1971, the Supreme Court of Florida refused to review his petition for habeas corpus relief. In this posture, this Court finds that state remedies have been exhausted and that this Court may consider the petition on its merits. Milton v. Wainwright, 428 F.2d 463, 5th Cir. 1970.

Petitioner in his supporting memorandum brief raises other grounds for relief in addition to his primary allegation that he was denied his right to appeal. Among those other grounds asserted are the following:

a. He was not charged by indictment but rather by information;

b. The plea of guilty was incompetent and involuntary;

c. He was not given effective assistance of counsel;

d. Florida Statutes, Section 944.40, F.S.A. is unconstitutional for overbreadth and vagueness;

e. Petitioner's prosecution and conviction were the result of an unlawful search and seizure.

To some of these grounds this Court will make immediate disposition; as to those allegations remaining, this Court is of the view that a response would be in order.

■ Relative to petitioner's assertion that he is entitled to habeas corpus relief for the State's failure to charge him by indictment, this Court quotes approvingly from Cappetta v. Wainwright, 433 F.2d 1027, 5th Cir. 1970:

"Petitioner has alleged that he was denied equal protection of the law and due process of law because he was not formally indicted by a grand jury for the offense charged in the information. The allegation fails to state grounds for relief by federal habeas corpus because there is no federal constitutional right to be tried upon a grand jury indictment for a state offense. Hurtado v. California, 1884, 110 U.S. 516, 526, 4 S.Ct. 111, 28 L.Ed. 232. In fact, there is no federal constitutional impediment to dispensing entirely with the grand jury in state prosecutions. Beck v. Washington, 1962, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98. * * *." Ibid. at 1030.

This Court will also dispose of the constitutional assault launched on Florida Statutes, Section 944.40, F.S.A. Petitioner challenges its validity and asserts it is overly broad and vague. The opinion of this Court is to the contrary.

In reaching the issue of overbreadth first, this Court considers the statement contained in Scott v. District Attorney, 309 F.Supp. 833 (E.D.La.1970) wherein it was said:

"Unconstitutionally vague statutes are frequently also unconstitutionally overbroad. * * *. The Fourteenth Amendment protects individuals from incursions by the state into certain areas of their life, and an overbroad statute is constitutionally defective if it extends state criminal authority beyond the proper reach of government into one of these protected private areas. * * *." Ibid. at 837.

■ It is manifestly clear that the statute now under attack is not overly

broad as measured against that standard set forth in *Scott,* supra. This statute does not invade unnecessarily an area of protected freedoms, NAACP v. Alabama ex rel. Flowers, 377 U.S. 288, 307, 84 S.Ct. 1302, 12 L.Ed.2d 325 (1964), nor does it extend state criminal authority unreasonably beyond its proper scope.

■ Focusing attention to the related claim of petitioner that the statute is also void for vagueness, this Court is guided by that germinal statement found in Severson v. Duff, 322 F.Supp. 4 (M.D.Fla.1970):

"In order to comport with fundamental concepts of fairness, a statute or a charge must be phrased in terms sufficiently definite so that men of common intelligence will not have to guess at its meaning and application. Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926)." *Ibid.*

Upon reading the statute now under attack it is obvious to this Court that the conduct proscribed by the statute is "sufficiently definite" and that it is not necessary to guess at its meaning and application. Therefore, this Court finds that Florida Statutes, Section 944.40, F.S.A. is not constitutionally infirm as being either void for vagueness or overly broad.

Parenthetically, this Court notes that paragraph 9 of petitioner's brief is wanting in substantive content to support the constitutional challenge raised by the petitioner. Such practice strains the intent of the federal rules of pleading to allow liberal forms of pleading and at the same time this practice places a heavy burden on this Court. Recognizing that nearly all habeas corpus petitioners are unskilled in the niceties of legal pleading and procedure, this Court nonetheless feels that a habeas corpus petitioner has a certain burden that must be met. Willis v. Smith, 434 F.2d 1029, 5th Cir. 1970. Oftentimes, a mere bare-bone allegation claiming a violation of constitutional dimension will not suffice to meet that burden. Accordingly, it is

ORDERED:

■ Leave to proceed in forma pauperis is hereby granted.

■ As to the allegations attacking the validity of Florida Statutes, Section 944.40, F.S.A. and condemning the failure of the State to charge petitioner by indictment, the petition is dismissed.

■ Respondent is directed to give response to the remaining allegations of the petition and shall be given up to and including March 15, 1971, within which to file response.

■ The Clerk of this Court is directed to mail certified true copies of this order to all parties of record.

Supplemental Opinion

On February 26, 1971, this Court directed respondent to show cause why petitioner should not be granted habeas corpus relief, and return thereto having been filed this Court may now consider those allegations of the petition which were not dismissed by previous order of this Court.

The four remaining issues to be decided by this Court embody the following subject matter:

a. Denial of right to appeal and right to appointed counsel on appeal;

b. Involuntary pleas of guilty;

c. Denial of effective assistance of counsel;

d. Unlawful search and seizure.

At the outset respondent contends that petitioner has not exhausted available state remedies inasmuch as the First District Court of Appeal of Florida did not consider all those constitutional issues now raised in this federal habeas corpus proceeding. Having reviewed the record and numerous exhibits contained

therein this Court is of the opinion that exhaustion of state remedies has been wrought. Milton v. Wainwright, 428 F.2d 463 (5th Cir. 1970).

■ Initially this Court considers petitioner's allegation that his pleas of guilty were incompetent and involuntary. Petitioner's own Exhibit "A" adequately refutes this allegation inasmuch as the "Waiver and Consent" not only was signed by petitioner but was read to him at the arraignment proceeding. It is a carefully detailed document designed to afford and apprise an accused of all necessary procedural safeguards. In his own handwriting petitioner affirmed the statements contained in the Waiver and Consent form so that in such light he may not now collaterally attack the voluntariness of the pleas entered:

> "A plea of guilty is valid * * * unless the plea was induced by threats, misrepresentation, or improper promises. * * *." Giles v. Beto, 437 F.2d 192, at p. 194, 5th Cir. 1971.

The record affirmatively discloses that the pleas were not induced by threats or false promises and therefore they are valid.

■ Closely related to the above issue, however, is petitioner's suggestion of counsel coercion which he alleges actuated his pleas of guilty. In light of the record before this Court and in light of recent utterances by the United States Court of Appeals for the Fifth Circuit, this argument must fall:

> "If the best professional advice that a lawyer can give is to enter a plea of guilty, and the accused relies on his lawyer's expertise, the accused cannot later successfully urge that the plea was involuntary on the basis of counsel coercion. * * *." Anderson v. Henderson, 439 F.2d 711, at p. 712, 5th Cir. 1971.

Nor does Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1968) compel a different result. First and foremost, the state proceeding attacked herein predated Boykin, supra. Whether Boykin shall have retroactive application has not been decided by the United States Supreme Court. See Brady v. United States (1970), 397 U.S. 742, page 747, footnote 4, 90 S.Ct. 1463, 25 L.Ed.2d 747. Although retroactivity of Boykin has not received the full consideration of the Supreme Court, at least two Courts of Appeal of sister circuits feel that Boykin should not be retroactively applied. See Perry v. Crouse, 429 F.2d 1083 (10th Cir. 1970); United States ex rel. Grays v. Rundle, 428 F.2d 1401 (3rd Cir. 1970). Additionally, the statement contained in Nobles v. Beto, 439 F.2d 1001, 5th Cir. 1971, buttresses the conclusion of this Court reached herein:

> " * * * Even if Boykin were to be held to have retroactive effect, it is inapplicable in this case because the state post-conviction hearing resulted in a valid conclusion that the guilty plea was in fact voluntarily and intelligently made. * * *." Ibid. at 1002.

■ Having given full consideration to the issue of voluntariness of the pleas entered and having found them to have been voluntarily and intelligently made, petitioner's assertion that his prosecution and conviction were the result of an unlawful search and seizure is equally devoid of merit. It has been repeatedly held in this Circuit that a valid plea of guilty waives all non-jurisdictional defects in prior proceedings. Busby v. Holman, 356 F.2d 75 (5th Cir. 1966). See also Smith v. Smith, 433 F.2d 582, 5th Cir. 1970; Farmer v. Beto, 421 F.2d 184 (5th Cir. 1969); File v. Smith, 413 F.2d 969 (5th Cir. 1969). Since this specification of error is based on alleged non-jurisdictional defects in pre-arraignment proceedings, such claimed departures were waived by petitioner's valid pleas of guilty.

Petitioner also alleges he was denied the effective assistance of counsel. Exhibit "A" filed herein by petitioner contains statements illustrative of court-appointed counsel's pre-trial preparation and conduct towards petitioner which statements standing alone would be irrefutable indicia of court-appointed counsel's "rendering reasonably effective assistance" as compelled by MacKenna v. Ellis, 280 F.2d 592 (5th Cir. 1960). However, in cases where an accused pleads guilty this is not the standard that has been applied to measure counsel's performance:

" * * * In cases where the accused pleads guilty, appointed counsel, to effectively represent his client, must ascertain only that the plea was entered knowingly and voluntarily. * * *." O'Neal v. Smith, 431 F.2d 646, at 647–648, 5th Cir. 1970.

In either event, it is abundantly clear that petitioner received effective assistance of counsel. The representation of petitioner by appointed counsel did not reduce the proceedings to a farce or sham and petitioner cannot claim he was deprived of due process of law. King v. Beto, 429 F.2d 221, 5th Cir. 1970.

The final remaining argument of petitioner was that he was denied his right to appeal and right to appointed counsel on appeal. It must be recalled that in this case petitioner entered pleas of guilty. In this light this Court is of the view that Giles v. Beto, supra, is squarely controlling of this issue and that petitioner is not entitled to habeas corpus relief. Accordingly, it is

Ordered:

Petition for writ of habeas corpus is hereby denied.

The Clerk of this Court is directed to mail certified true copies of this order to all parties of record.