447 F.2d 453
 Billy Ross McMILLIN, Petitioner-Appellant,
v.
Dr. George J. BETO, Respondent-Appellee.
No. 71-1830 Summary Calendar.*
*Rule 18, 5 Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Company of New York et al., 5 Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Aug. 23, 1971.
 
 Floyd R. Wilson, Dallas, Tex., for petitioner-appellant.
 Crawford C. Martin, Atty. Gen. of Tex., Howard M. Fender, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.
 Before COLEMAN, SIMPSON and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Billy Ross McMillin's petition to the court below for habeas corpus relief from his conviction and sentence by a Texas court was referred to a United States Magistrate for the Northern District of Texas for findings and recommendations. These findings and recommendations, adverse in all respects to McMillin's petition and recommending dismissal, were filed in due course. They were adopted by the district judge and the proceedings were dismissed. This appeal followed. We affirm.
 
 
 2
 The appellant, represented by the same court-appointed counsel in each case, was convicted of four separate charges of Robbery by assault during the August 1964 Term of the Criminal District Court of Dallas County, Texas. The petitioner chose to have a jury fix the punishment in the several cases. This resulted in punishment being assessed in the four cases at 10, 9, 6 and 12 years respectively. The terms so fixed were ordered by the court to run consecutively for a total of thirty-seven years. No appeal was taken.
 
 
 3
 On May 16, 1969, an evidentiary hearing was held by the sentencing court on McMillin's state habeas petition. That court denied relief on October 30, 1969. The application to the court below followed asserting nine claimed grounds for habeas corpus relief from the state sentences, which had been decided adversely to McMillin in the state habeas proceedings. We agree with the district court and its Magistrate that the first seven of these: (1) arrest without probable cause, (2) search and seizure without probable cause, (3) failure to present petition before a Magistrate or to advise him of his constitutional rights at any time, (4) unlawful detention and refusal to allow petitioner communication with his family or attorney despite continuous requests, (5) coercion of a confession, (6) requiring petitioner's appearance in seven illegal line-ups, and (7) denial of effective assistance of counsel at arrest and during the following detention, are all matters which may not now be raised, being non-jurisdictional defects effectively waived by petitioner's guilty pleas. Farmer v. Beto, 5 Cir. 1969, 421 F.2d 184; File v. Smith, 5 Cir. 1969, 413 F.2d 969; Busby v. Holman, 5 Cir. 1966, 356 F.2d 75; Cooper v. Holman, 5 Cir. 1966, 356 F.2d 82. They would only be reached if McMillin's attack on his guilty pleas, infra, is sustained.
 
 
 4
 The additional allegations of petitioner's pleadings are: (8) he was denied effective assistance of counsel at trial, and that his pleas were not voluntarily and knowingly entered because they were induced and coerced by his counsel using his void confession and relying upon the evidentiary representation of the state prosecutor, and (9) denial of petitioner's right to appeal because of counsel's failure to appeal despite being requested to do so by petitioner.
 
 
 5
 These last two allegations were found by the Magistrate to have been fully and fairly explored by petitioner's trial court at the hearing of May 16, 1969, and determined adversely to him. That hearing fully met the standards set forth by Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. Error is not demonstrated in these crucial findings below.
 
 
 6
 As to numerous other contentions raised in the court below but never presented to the state court, the trial judge dismissed the cause without prejudice. This was the procedure recommended by the U.S. Magistrate and clearly the proper course. State of Texas v. Payton, 5 Cir. 1968, 390 F.2d 261.
 
 
 7
 Affirmed.