**Sammy Lee HAMILTON, Petitioner-Appellant,**

v.

**S. Lamont SMITH, Warden, Georgia State Prison, Respondent-Appellee.**

**No. 30723**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 8, 1971.

---

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Sammy Lee Hamilton, pro se.

Arthur K. Bolton, Atty. Gen. of Georgia, William R. Childers, Jr., Asst. Atty. Gen., Atlanta, Ga., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Courtney Wilder Stanton, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Sammy Lee Hamilton, a Georgia state prisoner, appeals from a denial of his petition for writ of habeas corpus without a hearing. Hamilton is serving a life sentence imposed after he pleaded guilty to a charge of robbery by force. He filed a habeas corpus petition in the Superior Court of Tattnall County, Georgia, alleging (1) that Negroes were systematically excluded from the grand jury which indicted him, (2) that he was never arraigned or given an opportunity to plead not guilty, and (3) that he was denied the assistance of counsel. The state court, after conducting a hearing, denied relief. In his petition to the district court, Hamilton repeated these same three allegations. Relief was denied on the ground that he had been given a full and fair hearing before the state court.

■■ As to the claim that Hamilton was denied counsel, the district court erroneously imposed the burden of proof on Hamilton when it agreed with the state court's conclusion that he "had not carried the burden of proving his contention." This requires a remand for further proceedings in the light of our opinion in Goodwin v. Smith, 439 F.2d 1180 (5th Cir.1971). These cases are so similar that that opinion will serve adequately as a guide for further consideration of this case by the district court. Since the question of denial of counsel is inextricably entwined with Hamilton's attack on his guilty plea, this, too, should be reconsidered by the district court on remand.

■■ We agree that Hamilton is not entitled to relief on this petition on the ground that Negroes were excluded from the grand jury. This contention has not been adequately presented to the state courts.[1]

Reversed and remanded.

---

1. If Hamilton's guilty plea was validly entered, that plea acted as a waiver of all non-jurisdictional defects in the prior proceedings against him, including any defect in the composition of the grand jury. File v. Smith, 413 F.2d 969 (5th Cir. 1969).