**Gary L. CUNNINGHAM alias Gary Lee Hull**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections.**

**No. CA 3–4669–C.**

United States District Court,
N. D. Texas,
Dallas Division.

Jan. 30, 1974.

Phil Burleson, Burleson, Bondies, Baldwin & Pate, Dallas, Tex., for plaintiff.

John L. Hill, Atty. Gen., Robert Darden, Asst. Atty. Gen., Austin, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM M. TAYLOR, Jr., Chief Judge.

Petitioner, Gary L. Cunningham, has presented four contentions in his Petition for Habeas Corpus under 28 U.S.C. § 2254. First, that he did not receive a jury venire list at least two days prior to trial as required by state law. Second, that he was put in a lineup without his consent and without his attorney being present and that the complaining witness was shown purported pictures of him before the lineup. Third, that he asked for and paid the court reporter to take down the final arguments of his trial and to transcribe them. Fourth, that the state suppressed evidence favorable to him in that another potential suspect was arrested for investigation of the crime he was charged with a short time and a small distance from the situs of the crime.

As it appears from the record that Petitioner has exhausted his state remedies by filing a Writ of Habeas Corpus in State Court alleging the same contentions, our threshold question is whether the requirements of paragraph (d) of § 2254 [1] have been met.

---

1. § 2254(d) In any proceeding instituted in a Federal Court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be cor

■ It appears from the record that the State trial court made adequate findings to meet the contentions posed by Petitioner,[2] and these findings are supported by the record.

Therefore, we are only concerned with whether Petitioner has raised any of the circumstances of paragraph (d) as an issue in this proceeding.

Petitioner has not alleged any of the circumstances of paragraph (d) which would entitle him to relief in this Court.[3] Moreover, a reading of the record does not disclose that any of those circumstances do exist or did exist in the State Court hearing. Therefore, it is presumed that the State Court's findings are correct.[4]

■ The State Court found the facts to be against Petitioner's contentions and correctly interpreted the law in its conclusions of law. Therefore, as it is not the province of this Court to merely retry the same contentions without a

showing of error by the State Court, the Court is of the opinion that this Writ ought to be and it is therefore dismissed.

rect, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—
  (1) that the merits of the factual dispute were not resolved in the State court hearing;
  (2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
  (3) that the material facts were not adequately developed at the State court hearing;
  (4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;
  (5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;
  (6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or
  (7) that the applicant was otherwise denied due process of law in the State court proceeding;
  (8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the

sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:
And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

2. Thomas v. Simpson, 391 F.2d 283 (5th Cir. 1968).

3. White v. Gnann, 422 F.2d 1306 (5th Cir. 1970).

4. *White*, ibid, Hill v. Dutton, 440 F.2d 34 (5th Cir. 1971).